The People of the State of Illinois for use of State Board of Health, Defendant in Error, v. A. Moser, Plaintiff in Error.

### Gen. No. 17,689.

1. PHYSICIANS AND SURGEONS—*immaterial that person treated by unlicensed practitioner has no ailment.* Under Hurd's R. S. c. 91, § 11, which declares a person shall be regarded as practicing

medicine who shall prescribe for "any physical ailment," a person may be fined for practicing medicine without a license although a patient obtaining treatment to secure evidence did not in fact have any ailment.

2. Physicians and surgeons—*laying on hands is practicing medicine.* A person not licensed to practice medicine who gives a treatment by passing her hands over the body of a patient violates the statute forbidding the practice of medicine without a license.

3. Physicians and surgeons—*evidence that violation of statute was not barred by limitations.* Where, in a proceeding to recover a penalty for practicing medicine without a license, the patient testifies to receiving a treatment on the third day of May, without giving the year, and the trial was had on the twenty-fourth day of May, 1911, it is a reasonable inference that the witness intended to be understood as referring to the same month, and it cannot be contended that there was no violation of the statute proved within eighteen months prior to the beginning of suit.

4. Physicians and surgeons—*judgment imposing fine need not recite facts.* It is not the duty of the trial court to make recitals of facts in a judgment imposing a fine for practicing medicine without a license.

5. Appeals and errors—*assumed that bottle of liquid was not a proprietary remedy.* Where, on review of a judgment imposing a fine for practicing medicine without a license, nothing appears in the record descriptive of a bottle of liquid introduced in evidence that was furnished a patient, the court will assume that the appearance of the bottle of liquid indicated to the trial court that it was not a proprietary remedy.

Error to the Municipal Court of Chicago; the Hon. Judson F. Going, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 23, 1913.

C. J. Waring, for plaintiff in error.

Charles Alling, Jr., for defendant in error; Charles G. Hoffman, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

The plaintiff in error, Mrs. A. Moser, was found guilty of practicing medicine without a license, in violation of the statute regulating medicine and surgery

in the State of Illinois, and was fined one hundred dollars. She alleges in this court as ground for reversal that there was no evidence before the trial court on which to base a finding of guilty.

The facts appearing in the record are that two women, who were inspectors employed by the State Board of Health, called at the house of the defendant and inquired for Mrs. Moser, the fortune teller, and asked her if she had healing power, whereupon they were invited in and sat down. Defendant asked some questions regarding the health of one of the inspectors, and put a table between the inspector and herself. Defendant said not to say a word, as the spirits in the table would tell her, the defendant, just where the pain was; that she, the defendant, would have the same pain that the inspector had. After muttering some things not understood by the witness, the defendant said that she, the defendant, was suffering from stomach trouble; she said she would cure the witness with prayer and would give her some medicine and treatment. She then gave a treatment of passing hands over the neck and forehead of the witness, and handed her a bottle of liquid and directed her to take a tablespoon full each morning and before bedtime. The defendant then asked $1.50 for the treatment, which was paid her, and defendant told the witness to come for other treatments when the bottle was empty.

The statute which defendant is charged with having violated is an act entitled "An act to promote the science of medicine and surgery in the State of Illinois," chapter 91, Hurd's Revised Statutes. This statute forbids the practice of medicine in the State of Illinois without a license. Section 11 of the act, which defines the practice of medicine, is in part as follows: "Any person shall be regarded as practicing medicine, within the meaning of this act, who shall treat or profess to treat, operate on or prescribe for any physical ailment or any physical injury to or de-

formity of another.'' It is also provided that the act shall not apply ''to any person who ministers to or treats the sick or suffering by mental or spiritual means, without the use of any drug or material remedy.''

It is argued by plaintiff in error that Mrs. Moser did not treat or prescribe ''for any physical ailment,'' because neither of the inspectors were in fact suffering from any ailment. This argument would make guilt dependent upon the correctness of the diagnosis of the person giving the treatment; that is, if the patient actually had the malady which the practitioner diagnosed, the practitioner would be guilty if he attempted to treat it without a license; but if the diagnosis was wrong, then the practitioner would not be guilty in prescribing, for he would not be prescribing for any physical ailment which the patient in fact had. The statute evidently means to include any person who undertakes to prescribe for or treat a patient for any ailment, regardless of the real or fancied presence of the ailment.

It is also said that to involve a violation of the statute there must be used a drug or material remedy, and that there is no evidence in this case that the bottle of liquid was either; and also, for all that the record shows it might have been a proprietary remedy, and that it is held in People v. Wilson, 249 Ill. 195, that any person may vend patent and proprietary medicines without a license. The answer to this contention is (1) that the evidence discloses that the defendant undertook to treat the witness by laying on the hands, and this method of treatment has been held to be within the statute (People v. Trenner, 144 Ill. App. 275); and (2) it is a fair inference that the bottle of liquid was not a proprietary remedy, such as is described in People v. Wilson, where proprietary medicines are described as those ''prepared, put up and marked and ready for use by the public so soon as they leave the hands of the manufacturer. They are

in packages or bottles, are labeled with the name, and are accompanied with wrappers containing directions for their use and the conditions for which they are claimed to be specifics.'' The bottle of liquid was introduced in evidence before the trial court, but nothing appears descriptive of the same in the record before us. We must therefore assume that its appearance indicated to the trial court that it was not a proprietary remedy.

It is further urged that it does not appear that there was any violation proven within eighteen months prior to the beginning of the suit. This point is based upon the statement of the witness that the occurrence testified to took place on the third day of May, without giving the year. The trial was had on the 29th day of May, 1911, and it is a reasonable inference that the witness intended to be understood as referring to the same month. In any event, this point was not raised upon the trial, and it is too late to raise the same in this court for the first time.

As to the point that it is the duty of the court in trying a case of this character to have recitals of facts in the judgment, we are referred to no rule or statute requiring this to be done.

Finding no error, the judgment will be affirmed.

*Affirmed.*