THE COMMISSIONERS OF VERMILION SPECIAL DRAINAGE DISTRICT, Appellants, *vs.* FRANK SHOCKEY, Appellee.

*Opinion filed February 19, 1909.*

1. DRAINAGE—*section 41 of the Farm Drainage act does not authorize a suit except against persons owning lands intersected by ditch.* Section 41 of the Farm Drainage act, providing that where drainage commissioners have improved a natural or artificial channel lying beyond the boundaries of the district, "upon lands owned by private individuals," and have by such work benefited such land, they may recover a fair compensation for the benefits received, does not authorize a suit against land owners other than those whose lands are intersected by the channel improved.

2. APPEALS AND ERRORS—*when constitutional question is waived.* A person desiring to question the constitutionality of a statute should raise the question in the trial court, and if the case is taken to the Appellate Court by the opposite party he should move to transfer the case to the Supreme Court, and if he fails to question the jurisdiction of the Appellate Court and submits the case there for hearing on its merits he must be held to have waived the constitutional question.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding.

CLOUD & THOMPSON, for appellants.

A. C. NORTON, and F. A. ORTMAN, for appellee.

Per CURIAM : This is an action in assumpsit brought by the commissioners of Vermilion Special Drainage District against Frank Shockey, to recover the amount of benefits accruing to Shockey's lands by reason of an improvement in a natural channel into which Shockey's lands had their natural drainage, under section 41 of the Farm Drainage act of 1885. A general demurrer was sustained to the amended declaration, and the commissioners electing to stand by their declaration, a judgment was rendered in the circuit court of Livingston county against the district for costs. Upon an appeal to the Appellate Court for the Second District the judgment of the circuit court was affirmed, except wherein the circuit court awarded execution for the costs. Upon this point the Appellate Court correctly reversed the circuit court. The drainage commissioners have prosecuted a further appeal to this court.

The declaration is based upon section 41 of the Farm Drainage act, which provides, among other things, that where it is necessary to clear and enlarge any natural or artificial channel lying beyond the boundaries of the district to obtain the proper outlet the commissioners shall use the corporate funds for this purpose, and if the necessary privileges cannot be obtained for this by agreement with the land owners, or if the land or lands through which such outlet must be made are within another organized district, the commissioners may acquire the same by condemnation. The statute also provides that when the commissioners have

enlarged or improved any natural or artificial channel lying beyond the boundaries of the district, *"upon lands owned by private individuals,* or which may be or hereafter become a part of another organized district," and by such work have benefited the whole or a part of the land, they may collect from such land owner or owners, or other drainage district, such an amount as may be considered a fair compensation for the benefits received by the lands lying below the district so making the improvement. The declaration is fatally defective in that it does not aver that the natural water-course or channel that was improved was "upon lands owned by the appellee." The statute does not authorize the bringing of a suit against land owners other than those whose lands are intersected by the channel improved. In other words, it is manifestly intended that only the lands through which it is necessary to obtain a right of way shall be liable to contribute to the extent of the benefits received.

Appellee insists that this provision of section 41 is unconstitutional. This question cannot be raised, since if appellee desired to insist upon the unconstitutionality of this statute he should have raised it in the circuit court, and when the case was removed to the Appellate Court he should have applied to that court for an order transferring the case to this court on the ground that the validity of a statute was involved. Having failed to do this or otherwise question the jurisdiction of the Appellate Court, and having submitted the case for hearing on its merits, he must be held to have waived the constitutional question. *Poe* v. *Ulrey,* 233 Ill. 56; *Gillespie* v. *Fulton Oil and Gas Co.* 236 id. 188.

The judgment of the Appellate Court for the Second District is affirmed.                     *Judgment affirmed.*