THE PEOPLE, for use of State Board of Health, Defendant in Error, *vs.* MRS. J. DUNN, Plaintiff in Error.

*Opinion filed October 26, 1912.*

1. CONSTITUTIONAL LAW—*State Board of Health is a branch of the executive department of the State.* The right given the State Board of Health to sue for and recover penalties for violations of the Medical Practice act is not contrary to that clause of section 22 of article 4 of the constitution prohibiting the granting of special or exclusive privileges to any corporation, association or individual, as such board is a branch of the executive department of the State and is not within the meaning of said clause.

2. SAME—*when decision of legislature that special law is necessary is final.* The general clause at the end of section 22 of article 4 of the constitution, that "where a general law can be made applicable no special law shall be enacted," addresses itself to the legislature, alone, and, except in the cases expressly prohibited, the decision of the legislature that a special law is necessary is final and not subject to review by the courts.

3. PRACTICE—*it is for the court to say whether a more specific statement of claim is needed.* Whether the plaintiff in the municipal court of Chicago shall file a more specific statement of the claim is a matter within the sound discretion of the court.

4. MEDICINE AND SURGERY—*when statement of claim for penalty is sufficient.* A statement of claim by the State Board of Health for a penalty for violating the Medical Practice act is sufficient which gives the dates upon which the alleged offense was committed, even though it does not give the name of the person alleged to have been treated nor state that the name of such person is unknown.

5. SAME—*what constitutes professing to treat the physical ailment of another.* One who examines another and diagnoses the alleged ailment of the latter, charges and receives a fee for the consultation and diagnosis, gives assurance that she can treat the ailment and fixes the time for administering the first treatment, is professing to treat the physical ailment of another, within the meaning of the Medical Practice act.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding.

EDWARD J. KELLEY, for plaintiff in error.

255 — 19

CHARLES ALLING, JR., for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an action in debt brought in the municipal court of Chicago to recover the penalty provided by sections 9 and 10 of the Medical Practice act of 1899 for a second violation of section 7 of that act. The action was begun by the filing of a *præcipe* and statement of claim, in which it was alleged that plaintiff in error practiced medicine, as defined in section 7, by treating and professing to treat, and prescribing certain material remedies for, the physical ailments of another without a license so to do, as provided by sections 2 and 3 of the Medical Practice act, and alleged further that the offense was committed in the city of Chicago on or about October 16, 1910, and January 26, 1911, and that plaintiff in error had been previously convicted of the same offense. Prior to the trial the plaintiff in error moved for a rule on defendant in error to file a more specific statement of claim, which motion was denied by the court. A jury trial was had without pleadings, and a verdict of guilty was returned. Motion for new trial was overruled and judgment entered on the verdict for $200 and costs, and defendant was ordered committed to the county jail until the debt and costs were paid, for a period of not to exceed ninety days from the date of commitment.

The case was brought directly to this court for review by writ of error, and the plaintiff in error urges various grounds for a reversal of the judgment. She first contends that the act under which she was prosecuted and convicted is unconstitutional (1) in that it is a special law, and violates that clause of section 22 of article 4 of the constitution which provides, after enumerating the cases in which the General Assembly shall not pass local or special laws, "in all other cases where a general law can be made applicable no special law shall be enacted;" and (2) that it is a violation of that clause of section 22 of article 4 which

prohibits the General Assembly, by local or special law, from "granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever."

It is a sufficient answer to the second contention to say that the State Board of Health, as created by the statute, is a branch of the executive department of the State government and its members are officers of the State. That board, therefore, is not a corporation, an association or an individual, as those terms are used in the section of the constitution relied upon. The right given the board by the Medical Practice act to sue for and recover the penalties therein imposed does not constitute the granting of any special or exclusive privilege, immunity or franchise to that board or its members.

As to the first constitutional objection urged, the act, if it be special, does not fall within any of the cases enumerated in section 22 of article 4 in which local or special laws are prohibited. We have repeatedly held that the general clause at the end of the section, that "where a general law can be made applicable no special law shall be enacted," addresses itself to the General Assembly alone, and when that body has concluded a special law is necessary, except in the cases already expressly prohibited, its conclusion is not subject to judicial review. *Owners of Lands* v. *People,* 113 Ill. 296; *People* v. *Thompson,* 155 id. 451; *Knopf* v. *People,* 185 id. 20; *Sanitary District* v. *Ray,* 199 id. 63; *City of Mt. Vernon* v. *Evens & Howard Fire Brick Co.* 204 id. 32; *People* v. *McBride,* 234 id. 146.

It is next urged that the court erred in denying the motion of the plaintiff in error for a more specific statement of claim, and it is contended that by this action of the court the plaintiff in error was deprived of the opportunity to make a proper defense, the theory of the plaintiff in error being that she should have been furnished with the names of the parties she was alleged to have treated.

Whether a more specific statement of claim will be required is discretionary with the court, and in this case the discretion was not abused. The statement gave the dates upon which it was alleged the offense had been committed, and it was not necessary to give the name of the person alleged to have been treated or to state that the name of such person was unknown. *People* v. *Zito,* 237 Ill. 434.

By the third and fifth points made in her brief and argument plaintiff in error contends that as this is a penal statute it must be strictly construed, and that there is no violation of the law shown. The facts are disputed. Two witnesses, Mrs. Seivert and Mrs. Kibbell, testified on behalf of the defendant in error that they were inspectors of the State Board of Health, and that they had been engaged in that work, respectively, six and four years. They went together to the home of plaintiff in error on January 26, 1911. According to the testimony of both of these witnesses plaintiff in error met them at the door, and Mrs. Seivert inquired if she was Mrs. Dunn. After informing them that she was, plaintiff in error showed them into the front parlor and asked what she could do for Mrs. Seivert. Mrs. Seivert asked her if she could cure cancer, and she said she could and asked witness if she had one. Mrs. Seivert replied that she did not think so but had a scar on her neck and had been sick for some time, whereupon plaintiff in error asked if she was afraid she would have a cancer, and witness replied that she did not know. Plaintiff in error then said that she would see in a minute, whereupon she left the two women and went into the next room and came back with a magnifying glass. She then requested Mrs. Seivert to open the collar of her dress and made an examination of the scar and informed her that it was not a cancer, but stated that she was sure that it was a tumor and that she could cure her if Mrs. Seivert would follow her treatment, but that she could not state how long it would take to effect a cure. Upon Mrs. Seivert inquiring

in what way she would treat it, plaintiff in error said that she would have to poultice it for about a week and after that would apply a plaster which she put up herself, and that Mrs. Seivert must come the following week, when she would renew the plaster and keep it on until a cure had been effected. Mrs. Seivert then asked what her charge was and was told it was $2, which was paid. Plaintiff in error then told her that she would have to pay her $50 more in two weeks and the balance of $50 in four weeks, making a total of $100 for the cure. When the women were about to depart plaintiff in error told Mrs. Seivert that if she did not come back at the time appointed for the treatment she wanted her to telephone her, and Mrs. Seivert asked for her telephone number, whereupon plaintiff in error handed her a card, on one side of which was printed the following:

"I have discovered a new and seemingly unfailing cure for the deadly cancer. I have made some most astonishing cures. Mrs. J. Dunn. Licensed physician in attendance. 4452 Eberly Avenue. Corner Sunnyside Avenue. Over."

And on the reverse side of which was the following:

"Cancer and tumor can be cured. Success after others failed. See Mrs. J. Dunn. 4452 Eberly Avenue. Cor. Sunnyside Avenue. Phone Irving Park 6771. Over."

Neither of the witnesses saw plaintiff in error again and no further treatment was given or solicited. This action was commenced immediately after this visit. Plaintiff in error testified that the women had called upon her but once, which was during the previous summer and before her prior conviction, at which time she gave them one of her cards, but denied that any such conversation occurred as was detailed by them. As the jury chose to discredit the testimony of plaintiff in error and believed that offered on the part of defendant in error, it is only necessary to determine whether the facts as disclosed by the testimony of Mrs. Seivert and Mrs. Kibbell constitute the commission of the offense charged. While, strictly speak-

ing, no treatment had been administered to Mrs. Seivert on the occasion of this visit, her ailment was diagnosed by plaintiff in error and every assurance given that she was prepared to treat her and would give the treatment and a time fixed when the first treatment should be administered. A fee was charged and paid for the diagnosis and consultation. We think it clear that plaintiff in error did by this act profess to treat the physical ailment of another, and that the verdict of the jury was proper.

Plaintiff in error insists that the statute was not violated for the reason that Mrs. Seivert was suffering from no ailment whatever and merely pretended that she had an ailment. There is nothing in the record which justifies this contention, even conceding that it would be a sufficient defense. For anything that appears in this record the diagnosis of plaintiff in error may have been correct.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*