(No. 11464.—Judgment affirmed.)
FILOMENA DRTINA *et al.* Defendants in Error, *vs.* THE
CHARLES TEA COMPANY, Plaintiff in Error.

*Opinion filed December 19, 1917.*

1. APPEALS AND ERRORS—*when question of constitutionality of statute of another State cannot be raised in Supreme Court.* The rule that parties waive the question of the constitutionality of a statute when they appeal to the Appellate Court instead of taking the case directly to the Supreme Court applies although it is the constitutionality of a statute of another State which is involved.

2. SAME—*what errors, only, can be considered by the Supreme Court on an appeal from Appellate Court.* The Supreme Court can review the decision of the Appellate Court only as to errors which were properly assigned in that court and upon which that court had jurisdiction to pass, and parties who appeal to the Appellate Court and assign errors which it may pass upon waive errors which can be reviewed only by the Supreme Court on direct appeal.

3. JUDGMENTS AND DECREES—*judgment in another State cannot be impeached as erroneous.* A judgment rendered in another State by a court having jurisdiction of the person and the subject matter cannot be impeached by establishing irregularity in the form of the proceedings or that the decision is erroneous, but such judgment will be regarded as valid and binding until set aside by the court in which it was rendered.

4. EVIDENCE—*when the statute of a foreign State may be admitted in evidence without being pleaded.* Where the statutes of another State are merely evidence of ultimate facts they need not be pleaded, and in an action of debt on a judgment rendered in another State under the Workmen's Compensation act of that State said statute may be admitted in evidence without being pleaded.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

W. T. ALDEN, C. R. LATHAM, and H. P. YOUNG, (T. A. SHEEHAN, of counsel,) for plaintiff in error.

BOWE & BOWE, for defendants in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was an action in debt in the circuit court of Cook county, based on a judgment of the superior court of Lake county, Indiana. The judgment of the Indiana court was for an award under the Workmen's Compensation act of said State. The judgment both in that court and our circuit court was for $9.07 a week for a period of 300 weeks, beginning September 10, 1915, payable to Filomena Drtina and to the legal guardian of her daughter, Rosie. On appeal to the Appellate Court the judgment of the Cook county circuit court was affirmed, and the cause has been brought here on petition for *certiorari*.

Albert Drtina, husband of Filomena and father of Rosie, was killed September 10, 1915, by a railroad train while engaged in the business of selling and delivering tea and coffee for plaintiff in error. He was living in Hammond, Indiana, at the time. Plaintiff in error's place of business was in Chicago. After Drtina's death his widow and child filed their petition, pursuant to the Indiana Workmen's Compensation statute, in that State, setting forth the nature of their claim. An agent of plaintiff in error resided at Hammond and was served with a copy of the application and notice of the arbitration hearing. The case was called for a hearing on January 10, 1916, defendants in error being present, represented by their counsel. A special appearance was entered by said company for the purpose of objecting to the jurisdiction of the board on the ground of defective service, in that the person who had been served was not at the time of such service in its employ. No proof was offered to sustain this objection and it was overruled, whereupon the hearing proceeded and was participated in by plaintiff in error's attorney. At the close of petitioners' case the attorney for plaintiff in error asked for a continuance for introducing testimony "upon the merits of the case." The continuance appears to have been allowed but plaintiff in er-

ror offered no testimony. Thereafter, on January 18, 1916, the board made an award for the petitioners and against plaintiff in error. Subsequently, in accordance with the Indiana Workmen's Compensation statute, plaintiff in error filed its application for a review of the award, setting forth, among other things, the alleged defective service of summons. After a hearing these objections were overruled and a decision entered against plaintiff in error. By section 62 of the Indiana act it is provided that an appeal to the Appellate Court of that State may be had by either party within thirty days. Such an appeal was not taken. Subsequently defendants in error, under the provisions of said act, filed a certified copy of the Industrial Board's award in the superior court of Lake county and judgment was rendered thereon in accordance with said statute. Said section 62 does not provide for any service of summons prior to the rendition of judgment in the superior court but contemplates that after judgment is entered the parties be notified.

Counsel for plaintiff in error argue here, as they did in the Appellate Court, that the provisions of section 62 of the Indiana Workmen's Compensation act are unconstitutional in authorizing the entry of a judgment in the superior court without first serving notice upon the person against whom such judgment is entered. It appears from the record in this case that plaintiff in error was notified, in accordance with said section 62, after said judgment was entered in the superior court of Lake county. The Appellate Court, in passing on this question, rightly decided that under the statute and decisions of this State said Appellate Court was without jurisdiction to pass on a constitutional question. There can be no question that if litigants desire to question the constitutionality of an Illinois statute they waive such question by appeal to the Appellate Court instead of directly to the Supreme Court of this State, and therefore, by like reasoning, the question as to the constitutionality of the Indiana statute cannot now be raised in this

court. This court has repeatedly decided that it can review the decision of the Appellate Court only as to errors which were properly assigned in that court and upon which that court had jurisdiction to pass. Appealing to the Appellate Court and submitting the case for decision upon errors which that court might lawfully consider is a waiver or abandonment of any assignment of error which that court could not pass upon and which can be reviewed only by this court on a direct appeal. *Town of Scott* v. *Artman,* 237 Ill. 394, and cases cited; *Vermilion Drainage District* v. *Shockey,* 238 id. 237; *People* v. *Viskniskki,* 255 id. 384.

Counsel for plaintiff in error further argue that if section 62 must be assumed to be constitutional the judgment of the superior court of Lake county, Indiana, should have been held void and unenforcible because that court failed to notify the parties of the rendition of such judgment, as required by the terms of said section. The record of the superior court of Lake county states, in terms, that notice was served as required by said section. Moreover, we think it is clear from other evidence in the record that the officers or representatives of the company had a copy of such judgment within the time specified by the Indiana statute for such service.

Counsel for the plaintiff in error further argue that the judgment of the circuit court of Cook county is erroneous because it was entered for installments of compensation that had not accrued when such judgment was rendered. Such judgment is in the usual form when the award is made in weekly installments and in accordance with the provisions of the Workmen's Compensation acts of this State and of Indiana as well as of numerous other jurisdictions, and our attention has not been called to any authorities that convince us that a judgment in that form is invalid. Furthermore, this was a judgment based on the Indiana statute and in accordance with its provisions. A judgment of a sister State cannot be impeached by establishing irregularity in the

form of proceedings or that the decision is erroneous. On this record the Indiana court had jurisdiction of the subject matter and the person and therefore was authorized to render the judgment. It will be regarded as valid and binding in another State until set aside by the court in which it was rendered. (15 R. C. L. 915.) This same reasoning applies with full force also to the further point made by counsel for plaintiff in error that the Workmen's Compensation act of Indiana cannot apply to employees of foreign corporations carrying on inter-State commerce in that State. We think it is plain, under the Indiana statute, fairly construed, that the court was authorized to enter judgment against plaintiff in error even though the deceased employee was engaged in inter-State commerce, and if the judgment of the Indiana court is erroneous it cannot be inquired into here.

Counsel for plaintiff in error further insist that the circuit court of Cook county erred in admitting in evidence, over the objection of plaintiff in error, the Workmen's Compensation act of Indiana. The usual rule is, that where the statutes of another State are merely evidence of ultimate facts they need not be pleaded. (20 Ency. of Pl. & Pr. 599; see, also, Hurd's Stat. 1916, chap. 51, sec. 10, p. 1306.) The Indiana statute, therefore, was properly admitted in evidence without being pleaded.

It is further contended that the contract of employment between the deceased and plaintiff in error was executed July 10, 1915, and, as the Workmen's Compensation act did not become effective until September 1 of that year, that by the terms of said act contracts entered into prior to September 1 were excluded from its operation. With this we do not agree. Section 4 of the Indiana act provides: "Every contract of service between any employer and employee covered by this act, written or implied, now in operation or made or implied prior to the taking effect of this act, shall after the act has taken effect, be presumed to continue." It then goes on to provide that every contract in force after

the act goes into effect shall come within its provisions. We do not think there is any merit in this objection.

Certain other questions are raised by counsel for plaintiff in error which we think are incidental to the points already decided, but they do not need any independent discussion.

We find no reversible error in the record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*