---

(No. 14417.—Cause transferred.)
THE CITY OF EDWARDSVILLE, Appellee, *vs.* THE CENTRAL UNION TELEPHONE COMPANY, Appellant.

*Opinion filed February 22, 1922—Rehearing denied April 7, 1922.*

1. APPEALS AND ERRORS—*when direct appeal does not lie to the Supreme Court as involving revenue or franchise.* A direct appeal does not lie to the Supreme Court from a judgment in an action of debt against a telephone company under an ordinance fixing a charge of fifty cents a pole, in the nature of rental for the parts of the streets which the poles occupy, as such a charge is merely the exercise of proprietary power and the suit does not involve a franchise nor relate to the revenue.

2. SAME—*constitutional questions are waived by appealing to Appellate Court.* Constitutional questions are waived by taking an appeal to the Appellate Court and assigning errors in that court which it has jurisdiction to hear and determine, even though the Appellate Court improperly declines to take jurisdiction and transfers the cause to the Supreme Court.

APPEAL from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

CUTTING, MOORE & SIDLEY, CHARLES W. TERRY, and CHARLES E. GUELTIG, for appellant.

GEORGE A. LYTLE, City Attorney, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The city of Edwardsville recovered a judgment in the circuit court of Madison county in an action of debt against the Central Union Telephone Company for $3000. The action was for compensation for the use of portions of the streets, alleys and sidewalks of the city occupied by the poles of appellant, and was based upon an ordinance of the city which provided that any person, firm or corporation owning, controlling or occupying any post or pole over eight feet high which occupied any portion of any street, alley or sidewalk within the city, such post or pole being used to support electric or other wires of whatsoever nature, should pay annually into the treasury of said city the sum of fifty cents for each pole or post so owned, controlled or occupied, as compensation to said city for the use of the portion or portions of the street, alley or sidewalk which said pole or post occupied. To the declaration in debt filed by appellee appellant filed a plea of general issue and four special pleas. The principal defenses relied upon were, first, that appellant was not subject to the compensation ordinance because of the terms of an ordinance of July 5, 1882, granting to the assignors of appellant the right to construct, maintain and operate a telephone system in the city of Edwardsville; and second, that the compensation ordinance was invalid because it contravened certain provisions of the Federal constitution and of the State constitution. Certain propositions of law setting up these defenses were refused by the trial court. Appellant prayed and perfected its appeal from the judgment of the circuit court to the Appellate Court for the Fourth District. Briefs were filed by both parties and the cause was taken under advisement by the Appellate Court. On some ground not appearing in the order of transmission, the Appellate Court found that

it had no jurisdiction of the case and transferred it to this court.

Cases involving a judgment in debt, based on ordinances of the character of the compensation ordinance involved in this case, have been before this court in *City of Springfield* v. *Postal Telegraph-Cable Co.* 253 Ill. 346, *City of Peoria* v. *Postal Telegraph-Cable Co.* 274 id. 568, and *City of Springfield* v. *Interstate Telephone and Telegraph Co.* 279 id. 324, where we held that the fixing of a charge in the nature of rental for the occupation by a public service corporation of parts of the streets of a city is not the exercise of any governmental power but is the exercise of the proprietary power of the city. This case, therefore, does not present a question relating to revenue and it does not involve a franchise or freehold. The validity of the ordinance is challenged on the ground that it is unconstitutional, but this question was waived by taking the appeal to the Appellate Court and by assigning errors in that court which it had jurisdiction to hear and determine. (*Indiana Millers' Fire Ins. Co.* v. *People,* 170 Ill. 474; *Case* v. *City of Sullivan,* 222 id. 56; *Armour & Co.* v. *Industrial Board,* 275 id. 328; *Drtina* v. *Charles Tea Co.* 281 id. 259.) The errors assigned in the Appellate Court included, among others, the contentions that the ordinance did not apply to appellant, that the evidence did not justify the finding that appellant was indebted to appellee in the sum of $3000, and that the judgment was excessive. All these questions were questions of which the Appellate Court had jurisdiction, and the case was therefore improperly transferred to this court.

The cause is accordingly transferred to the Appellate Court for the Fourth District, and the clerk of this court is directed to transmit the transcript and all files herein, with the order of transfer, to the clerk of said Appellate Court.

*Cause transferred.*