(No. 15225.—Judgment affirmed.)

THE CITY OF EDWARDSVILLE, Defendant in Error, *vs.*
THE CENTRAL UNION TELEPHONE COMPANY, Plaintiff
in Error.

*Opinion filed October 20, 1923.*

1. APPEALS AND ERRORS—*constitutional questions are waived by taking case to the Appellate Court.* Constitutional questions are waived by taking an appeal to the Appellate Court and submitting the case upon issues which that court has power to determine.

2. CONSTRUCTION—*rules of construction are not applied to defeat intention of legislature.* Rules of construction of statutes or ordinances are an aid to the determination of the intent of the legislative body and should not be applied to defeat that intent when it is clearly expressed.

3. MUNICIPAL CORPORATIONS—*when prior grant to a telephone company cannot be construed an exception to subsequent general ordinance.* A specific grant to a telephone company to erect and maintain poles for the operation of a telephone system in a city cannot be construed to take the company from under the provisions of a subsequent general ordinance imposing a charge or consideration for the occupancy of the streets by poles, where no consideration is expressed in the prior specific grant and where no question as to the constitutionality of the general ordinance is open for consideration. (*City of Springfield* v. *Interstate Telephone Co.* 279 Ill. 324, distinguished.)

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

CUTTING, MOORE & SIDLEY, CHARLES W. TERRY, and CHARLES E. GUELTIG, (J. DWIGHT DICKERSON, of counsel,) for plaintiff in error.

GEORGE A. LYTLE, City Attorney, and J. F. EECK, Corporation Counsel, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This case involves an ordinance of the city of Edwardsville passed on July 7, 1914, imposing an obligation to pay fifty cents annually to the city for each pole or post over eight feet high occupying any portion of a street, alley or sidewalk, and used to support wire or to support signs or awnings or to display for the purpose of advertising. The telephone company, the plaintiff in error here, occupies the streets by virtue of an ordinance of 1882 granting permission to erect and maintain poles for the operation of a telephone system. This ordinance was supplemented by a resolution of the city council bearing date of September 7, 1897, requesting the telephone company to furnish certain service to the city without charge and certain additional service at a discount. The resolution of 1897 was accepted by the company.

This case has previously been before this court in *City of Edwardsville* v. *Central Union Telephone Co.* 302 Ill. 362. The case had been transferred to this court by the Appellate Court for the Fourth District on the ground that the Appellate Court had no jurisdiction of the case. Issues then presented to the Appellate Court involved, among others, constitutional questions, but this court held, in conformity with the established rule, that the question of constitutionality was waived by taking the appeal to the Appellate Court and by assigning errors in that court which it had jurisdiction to hear and determine. We then held that the case was improperly transferred to this court and transferred the case back to the Appellate Court for the Fourth District. The case is now here on *certiorari* to review the decision of the Appellate Court for the Fourth District.

There is but one issue involved. Does the ordinance of 1914, imposing an annual charge upon poles, apply to this company? The Appellate Court held the ordinance applicable. All constitutional issues have been waived by taking

an appeal to the Appellate Court, and such issues are not proper for consideration here.

The plaintiff in error argues that the decision of the Appellate Court is wrong, basing this argument primarily upon two grounds: (1) That the ordinance of 1914 is general in its terms and should be construed as excluding from its operation any charge upon the poles erected by the company under the specific authority of the ordinance of 1882; and (2) that to construe the ordinance of 1914 as applicable to this company would violate the terms of a contract claimed to exist under the ordinance of 1882 as supplemented by the resolution of 1897, and that wherever possible constructions should be adopted to avoid the unconstitutionality of an ordinance.

By the ordinance of 1882 this company has the right to occupy the streets of the city of Edwardsville with poles for telephone service. The resolution of 1897, agreed to by the company, requesting that the company render certain services to the city, did not extend the rights of the company under the ordinance of 1882 but is argued to be a consideration by the company to the city for rights exercised under the grant of 1882, though it is urged at the same time that consideration is not material. Under the facts it is apparently the case that the company was in a position to grant or decline the request of 1897 without affecting its rights under the ordinance of 1882, though we do not regard this as material. As we said in *City of Springfield* v. *Interstate Telephone Co.* 279 Ill. 324, on page 327: "When the privilege of the use of a street is granted by an ordinance which is accepted and acted upon by the grantee it becomes a contract binding upon the city, from which it cannot recede."

Under the first point suggested above,—that is, plaintiff in error's contention that the general language of the ordinance of 1914 is controlled by and an exception read into it by the ordinance of 1882, supplemented by the resolu-

tion of 1897,—it is argued that the issue involved has been decided in favor of plaintiff in error by *City of Springfield* v. *Interstate Telephone Co. supra.* As we read that case it does not decide the question here at issue. In that case there was an ordinance of August 5, 1901, levying a charge upon poles similar to that here involved. There was a later ordinance of December 9, 1901, granting to the company the right to establish a telephone system and erect poles therefor and expressly specifying certain services to be performed for the right so granted. The terms of the later ordinance were properly construed to exempt the company from the application of the earlier ordinance on the ground that the later ordinance was a special one making an exception to the provisions of an earlier general ordinance. The court in that case said that the ordinance of August 5, 1901, levying a charge upon poles, was not the exercise of a governmental power but the exercise of the proprietary power of the city. The earlier ordinance had imposed a general charge upon poles in the exercise of the city's proprietary powers, and a later specific grant to the telephone company had made an exception to the earlier general ordinance by specifying a different compensation for the grant so made. There the earlier general ordinance expressed a consideration for the right to occupy the streets in a certain way, and a later ordinance expressed a new and different consideration for a specific right to occupy the streets in the same way by the telephone company. Here, an earlier ordinance (that of 1882) granted the telephone company the right to occupy the streets without the expression of a consideration therefor. A later resolution (that of 1897) requested the company to perform certain services, which the company was apparently in a position to grant or refuse. In the earlier specific grant in the case now before the court, even as supplemented by the resolution of 1897, there is no definite expression of consideration for

the occupancy of the streets, and the language of the general ordinance of 1914 by its terms provides that the charge upon poles shall be paid by "any person, firm or corporation owning, controlling or occupying any post or pole over eight feet high which may occupy any portion of any street, alley or sidewalk within the city of Edwardsville, Illinois, such post or pole being used to support electric or other wires of whatsoever nature, or to support any sign or awning, display for the purpose of advertising," etc.

Rules of construction are an aid to the determination of the intent of the legislative body,—not a means of defeating that intent,—when clearly expressed. In the *Springfield case, supra,* the rule that a particular provision controls a general provision was properly applied because of the circumstances indicating such an intention. The fact that the specific grant designating a consideration was subsequent to the general ordinance in that case made this intention clear, though this statement is not to be construed as an expression of the view that a particular provision must be subsequent to the general order to be construed as an exception thereto. In the present case not only is the specific grant to the company earlier than the general ordinance but it expresses no consideration. Neither the specific grant of 1882 nor the resolution of 1897 constitutes a definite expression of consideration, which, as a matter of construction, takes this company out from under the language of the 1914 ordinance imposing a charge or consideration for the occupancy of the streets by poles. To so hold would run counter to what seems to be the clear intent of the language of the ordinance of 1914. In the *Springfield case, supra,* there was an express consideration in a general ordinance, replaced by an express consideration in a special grant. Here we are asked to read what is urged to be an implied consideration in a special grant as an exception to an express consideration in a later general ordinance. This goes beyond the province of construction.

We express no opinion as to whether the language of the ordinance of 1914, construed in accordance with its clear intent, constitutes a violation of the obligation of a contract established by the grant of 1882, supplemented by the resolution of 1897. That is a constitutional issue, waived by taking the case to the Appellate Court. The language of the grant to the company may be sufficient to create a valid contract and at the same time insufficient, as a matter of construction, to constitute an exception to the ordinance of 1914. Reading the two ordinances together in the *Springfield case,* the specific constitutes an exception to the general. Reading the ordinance of 1914 with the grant of 1882 and the resolution of 1897, we cannot discover a specific consideration constituting an exception to the general ordinance here. Summarizing as briefly as possible, the distinction is, that the *Springfield case* directly involved the application of a construction harmonizing an earlier and a later ordinance. The present case involves a direct conflict between an earlier and a later ordinance which cannot be resolved merely by construction but might have presented a constitutional issue.

The other point presented by plaintiff in error is, as we understand it, that the ordinance of 1914 should be construed so as to except plaintiff in error therefrom, because to construe it in this manner will avoid a construction under which the ordinance of 1914 would be partially unconstitutional as impairing the obligation of a contract or as depriving the company of property without due process of law. If, as we have intimated above, the ordinance of 1914 by its terms applies to this company, the rule of construction to avoid unconstitutionality cannot be applied so as to defeat the purpose so expressed, for this rule of construction is also an aid in determining intent,—not a means of defeating such intent. Not only this, but the issue of construction thus presented is so close to the constitutional issue already waived by plaintiff in error that a decision in

its favor, if based in terms on the question of construction, would, in fact, chiefly depend upon the constitutional issue, for the court must determine that there is a constitutional issue in order to adopt a rule of construction avoiding such issue. A construction excepting the company from the terms of the 1914 ordinance in order to avoid possible unconstitutionality would be identical in result to holding the ordinance partially invalid upon the constitutional ground waived in this case, and a decision in favor of plaintiff in error on this ground alone would, in effect, recognize by indirection a constitutional claim waived by an appeal to the Appellate Court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*