## The People of the State of Illinois, Defendant in Error v. Thomas R. Eaton, Plaintiff in Error.

1. INTOXICATING LIQUORS—*possession of materials for manufacture as crime.* In a prosecution under an information charging that defendant "did unlawfully possess three barrels of mash, the same being property designed for the manufacture of intoxicating liquor contrary to the statute, etc.," a contention that the possession of property designed for the illegal manufacture of liquor is not a violation of the statute, and that no penalty is provided therefor, is without merit in view of the provision of section 28 of the Prohibition Act, Cahill's Ill. St. ch. 43, ¶ 29, providing that it shall be unlawful to have or possess "property designed for the illegal manufacture of liquor" and of section 33, Cahill's Ill. St. ch. 43, ¶ 34, fixing the penalty at fine or imprisonment.

2. INTOXICATING LIQUORS—*sufficiency of information for possession of materials for manufacture.* An averment in an information charging violation of the Prohibition Act by defendant in that he "did unlawfully possess three barrels of mash, the same being property designed for the manufacture of intoxicating liquor contrary to the statute," was equivalent to the statutory provision "designed for the illegal manufacture of liquor."

3. CRIMINAL PROCEDURE—*indictment in language of statute when sufficient.* If an indictment or information charges an offense substantially in the language of the statute it is sufficient, providing the statute itself sufficiently describes the offense.

4. CRIMINAL PROCEDURE—*constitutional sufficiency of indictment is not open in Appellate Court.* In a prosecution for violation of the Prohibition Act the Appellate Court cannot determine whether the information was sufficient to apprise defendant of the nature and cause of the accusation against him under section 9, Cahill's Ill. St. ch. 43, ¶ 9, or whether his right to be secure against unreasonable search and seizure under section 6 of the Bill of Rights was denied as, to do so, would require construction of those constitutional provisions, which is for the Supreme Court.

5. CRIMINAL PROCEDURE—*waiver of constitutional questions by going to Appellate Court.* Parties who bring their cases to the Ap-

pellate Court and assign errors which may be passed upon by that court waive constitutional questions which can be reviewed only by the Supreme Court.

6. CRIMINAL PROCEDURE—*duty of Appellate Court to review case instead of transferring.* Where a plaintiff in error has assigned and argued errors which may be passed upon by the Appellate Court it is the duty of the court to pass upon them instead of transferring the cause to the Supreme Court because of constitutional questions being also involved.

7. CRIMINAL PROCEDURE—*abstract of record must be full and complete.* An abstract of the record must be full and complete and the court will not explore the record to find errors to sustain the assignment of errors.

8. INTOXICATING LIQUORS—*sufficiency of evidence of possession of materials for manufacture.* In a prosecution for violation of the Prohibition Act where defendant offered no evidence and that on behalf of the people was to the effect that the officers found 150 gallons of mash on defendant's premises; that he told the sheriff he was going to make a little "beer," which is defined in the act to be an intoxicating liquor; and that when a licensed pharmacist cooked some of the mash he produced a liquor containing more than one-half of one per cent of alcohol, the conclusion is irresistible that defendant had in his possession property designed for the illegal manufacture of intoxicating liquor.

9. CRIMINAL PROCEDURE—*questions unnecessary on review where case is clear.* When, in the light of undisputed evidence given in a criminal prosecution, the jury would not have been warranted in returning a verdict other than that of guilty, it is not necessary to determine the accuracy of instructions given.

Error by defendant to the County Court of Effingham county; the Hon. BARNEY OVERBECK, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924.

BYRON PIPER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, and PAUL TAYLOR, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error was tried and convicted under an information which charged that on July 28, 1923, at and within the County of Effingham in the State of

Illinois, he "did unlawfully possess three·barrels of mash', the same being property designed for the manufacture of intoxicating liquor contrary to the statute, etc." Motions to quash the indictment, for a new trial and in arrest of judgment, were overruled.

It is argued that the statute does not make it a crime to have or possess property designed for the illegal manufacture of liquor and that it does not provide a penalty therefor. This contention is without merit. Section 28 of the Act [Cahill's Ill. St. ch. 43, ¶ 29] provides: "It shall be unlawful to have or possess any liquor intended for use in violating this Act or *property designed for the illegal manufacture of liquor,* and no property right shall exist in any such liquor or property." Section 33 [Cahill's Ill. St. ch. 43, ¶ 34] fixes the penalty at fine or imprisonment. Section 39 [Cahill's Ill. St. ch. 43, ¶ 40] provides that it shall not be necessary to include in the information any defensive negative averments but it shall be sufficient to state that the act complained of was then and there unlawful. The averment in the information that the property was designed for the manufacture of liquor contrary to the statute is equivalent to the statutory provision "designed for the illegal manufacture of liquor." If an indictment or information charges the offense substantially in the language of the statute it is sufficient, providing the statute itself sufficiently describes the offense. *People v. Schreiber,* 250 Ill. 345; *People v. Covitz,* 262 Ill. 514.

We cannot determine whether the information was sufficient to apprise plaintiff in error of the nature and cause of the accusation under section 9 [Cahill's Ill. St. ch. 43, ¶ 9], or whether his right to be secure against unreasonable search and seizure under section 6 of the Bill of Rights was denied him as it would be necessary to construe those constitutional provisions. The construction of such provisions is for the Supreme Court. Cahill's Ill. St. 1921, ch. 110,

¶ 118; *Lester v. People,* 150 Ill. 408-426; *Bratsch v. People,* 195 Ill. 165-166; *Denison Cotton Co. v. Schermerhorn,* 257 Ill. 128-130; *Glos v. People,* 259 Ill. 332-338; *People v. Castree,* 311 Ill. 392. Parties who bring their cases to the Appellate Court and assign errors which may be passed upon by that court are held to have waived constitutional questions which can be reviewed only by the Supreme Court. *Drtina v. Charles Tea Co.,* 281 Ill. 259. As plaintiff in error has assigned and argued errors of which this court has jurisdiction it is our duty to pass upon them instead of transferring the cause to the Supreme Court. *Edwardsville v. Central Union Tel. Co.,* 302 Ill. 362.

It is argued that the court erred in admitting in evidence the complaint for a search warrant, the warrant and the sheriff's return thereon. If they were offered or received in evidence, the abstract should show it but it does not. An abstract of record must be full and complete and the court will not explore the record to find errors to sustain the assignments of error. *People v. Yuskauskas,* 268 Ill. 328; *People v. Armour,* 307 Ill. 234.

It is insisted that the court erred in giving certain instructions to the jury. Plaintiff in error offered no evidence. That on behalf of the People is to the effect that the sheriff and his men found three barrels of mash containing 150 gallons in the basement of plaintiff in error's residence; that the sheriff asked him what he was doing with all this stuff and he replied that he was going to make a little beer. A licensed pharmacist cooked some of the mash and it produced a liquor containing more than one-half of one per cent alcohol. Section 2 of the Act [Cahill's Ill. St. ch. 43, ¶ 2] defines "beer" as an intoxicating liquor containing more than one-half of one per cent of alcohol by volume. When plaintiff in error admitted that he had the mash for the purpose of making beer and when a portion of it was cooked and a liquid containing more than that quantity of alcohol was

produced the conclusion is irresistible that plaintiff in error had in his possession property designed for the illegal manufacture of intoxicating liquor.

In the light of the undisputed evidence the jury would not have been warranted in returning a verdict other than that of guilty as charged in the indictment. That being true it is not necessary to determine the accuracy of the instructions. The judgment is affirmed.

*Affirmed.*