## CENTRAL UNION TELEPHONE CO. *v.* CITY OF EDWARDSVILLE.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 37. Argued October 13, 1925.—Decided November 23, 1925.

1. A system of state appellate practice (as in Illinois) which allows review of constitutional questions, with any others involved in the case, by direct appeal to the Supreme Court of the State, but provides that if the appeal be taken to an intermediate court, empowered to review non-constitutional questions, the constitutional questions shall be waived, is reasonable and valid as applied to a suitor who lost his opportunity to have his claim under the Federal Constitution reviewed, in the state court or here, by appealing to the intermediate court. P. 194.

2. An Illinois statute providing that "cases . . . in which the validity of a statute or construction of the Constitution is in-

volved" shall be taken directly to the Supreme Court of the State, was construed by that court as including cases involving the federal as well as those involving the state constitution, with the result that a party asserting a federal right was adjudged by that court to have waived it by appealing in the first instance to the intermediate appellate court. *Held* that a writ of error from this court to the state Supreme Court must be dismissed, since the construction, even though not anticipated by any earlier decision, was not an unfair or unreasonable one amounting in its application to an obstruction of the federal right, and therefore this court was bound by it. P. 195.

Writ of error to review 309 Ill. 482, dismissed.

Error to review a judgment of the Supreme Court of Illinois, affirming a judgment of the Illinois Appellate Court, which sustained a recovery by the City in an action against the Telephone Company to collect taxes levied on its poles in the city streets. See also 302 Ill. 362; 227 Ill. App. 424.

*Mr. William Dean Bangs,* with whom *Mr. James Dwight Dickerson* was on the brief, for plaintiff in error.

This Court is not bound by the determination of a state court that a federal constitutional question has been waived. *Davis* v. *Wechsler,* 263 U. S. 22; *American Ry. Express* v. *Levee,* 263 U. S. 19; *Prudential Ins. Co.* v. *Cheek,* 259 U. S. 530; *Union Pacific Ry.* v. *Public Service Commission,* 248 U. S. 67; *Truax* v. *Corrigan,* 257 U. S. 312, 324; *Davis* v. *O'Hara,* 266 U. S. 314; *Aetna Life Insurance Co.* v. *Dunken,* 266 U. S. 389.

Where there is a plain assertion of a federal constitutional right in a lower court, local rules as to how far it will be reviewed on appeal do not prevail. *Love* v. *Griffith,* 266 U. S. 32; *Davis* v. *Wechsler, supra; Ward* v. *Love County,* 253 U. S. 17, 22. The jurisdiction of this Court is determined by § 237 Judicial Code as amended. *Harrison* v. *St. L. & S. F. R. R.,* 232 U. S. 318, 328. The federal constitutional right was "drawn in ques-

tion " within the meaning of this section. *Spies* v. *Illinois,* 123 U. S. 131; *Leigh* v. *Green,* 193 U. S. 79; *Grannis* v. *Ordean,* 234 U. S. 385. An ordinance is a "statute " within the meaning of this section.

Waiver implies intentional relinquishment of a right. *Perrin* v. *Parker,* 126 Ill. 201; *Star Brewery Co.* v. *Primas,* 163 Ill. 652. The constant assertion of the federal right can not have the effect of a waiver. *Atlantic Coast Line* v. *Burnette,* 239 U. S. 199; *Davis* v. *Wechsler, supra.*

*Messrs. Mark Lester Geers, George Allen Lytle* and *John Frederick Eeck* were on the brief, for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The City of Edwardsville, in July 1882, by ordinance granted to the Central Union Telephone Company a right in its streets to erect and maintain the necessary poles and wires for the operation of a telephone system. The Central Telephone Company transferred its rights to the Central Union Telephone Company. Later the city council adopted a resolution requesting the Central Union Telephone Company to furnish to the city, free of charge, one telephone and such additional telephones as the city council might call for at a reduction of 25 per cent. from the regular rates, and the right to attach, without charge, fire and police alarm wires to the top cross-arm of each pole. The company filed its acceptance of this resolution as provided in the resolution. It maintains 1000 poles in the City of Edwardsville. The city in 1914 passed an ordinance which in effect imposes a tax of 50 cents a pole upon every person, firm or corporation owning, controlling or occupying any such poles in the streets of Edwardsville. The city brought

suit for the amount due under the tax law at 50 cents a pole. A jury was waived, and after a hearing the court entered judgment for $3,000 against the company. The Circuit Court held that neither the ordinance by which the Central Telephone Company was permitted to occupy the streets, nor the subsequent resolution accepted by the Central Union Telephone Company, constituted a contract, and that the tax law was not therefore a violation of the Constitution of the United States in impairing a contract, or in depriving the company of property without due process of law. Upon this record an appeal was taken to the Appellate Court of the State for the Fourth Circuit. That court transferred the case to the Supreme Court of Illinois, on the ground that the Appellate Court had no jurisdiction of it. *City of Edwardsville* v. *Central Union Telephone Co.,* 302 Ill. 362. The Supreme Court held that as the appeal had been taken to the Appellate Court and errors assigned which that court had jurisdiction to hear, the case was improperly transferred to the Supreme Court, and remanded it to the Appellate Court, which gave judgment affirming the Circuit Court. The plaintiff then obtained a certiorari from the Supreme Court to review the decision of the Appellate Court, and in that hearing the Supreme Court declined to hear the constitutional questions on the ground that they had been waived by the failure to carry the case from the Circuit Court directly to the Supreme Court to review those questions.

Paragraph 89, § 88, 3d Starr & Curtiss, Annotated Illinois Statutes, p. 3114, reads as follows:

" Par. 89. Appeal from trial court to appellate court— From trial court to supreme court. § 88. Appeals from and writs of error to circuit courts, the superior court of Cook county, the criminal court of Cook county, county courts and city courts in all criminal cases, below the grade of felony, shall be taken directly to the appellate

court, and in all criminal cases above the grade of misdemeanors, and cases in which a franchise or freehold or the validity of a statute or construction of the Constitution is involved; and in all cases relating to revenue, or in which the State is interested as a party or otherwise, shall be taken directly to the supreme court."

The construction of this statute has been uniformly held to be, that where a question involves the Constitution, it must be taken on error or appeal to the Supreme Court, and that if it be taken to the Appellate Court on other grounds, the party taking the appeal or suing out the writ of error shall be held to have waived the constitutional questions. *Indiana Millers Ins. Co.* v. *People,* 170 Ill. 474; *Robson* v. *Doyle,* 191 Ill. 566; *Case* v. *Sullivan,* 222 Ill. 56; *Poe* v. *Ulrey,* 233 Ill. 56; *Haas Co.* v. *Amusement Co.,* 236 Ill. 452; *Scott* v. *Artman,* 237 Ill. 394; *Comm'rs* v. *Shockey,* 238 Ill. 237. The city, therefore, moves to dismiss the writ of error.

It is objected on behalf of the plaintiff in error that the words " validity of a statute or construction of the Constitution " refer to the constitution of Illinois and not to the Federal Constitution. The Supreme Court of Illinois has held otherwise in this case. 309 Ill. 482, 483, 484.

But counsel for plaintiff in error insist that it is for this Court to determine finally whether a litigant in a state court has waived his federal right, citing *Davis* v. *O'Hara,* 266 U. S. 314; *Davis* v. *Wechsler,* 263 U. S. 22; *American Railway Co.* v. *Levee,* 263 U. S. 19; *Truax* v. *Corrigan,* 257 U. S. 312; 324; *Union Pacific Railway Company* v. *Public Service Commission,* 248 U. S. 67. But there is nothing in these cases which justifies this Court in ignoring or setting aside a required form of practice under the appellate statutes of the State by which federal constitutional rights, as well as state constitutional rights, may be asserted in the Supreme Court of the State or be held to be waived, if the practice gives to the litigant a

reasonable opportunity to have the issue as to the claimed right heard and determined by that court. We said in *John* v. *Paullin,* 231 U. S. 583, 585: "Without any doubt it rests with each State to prescribe the jurisdiction of its appellate courts, the mode and time of invoking that jurisdiction, and the rules of practice to be applied in its exercise; and the state law and practice in this regard are no less applicable when Federal rights are in controversy than when the case turns entirely upon questions of local or general law,"—and many cases are there cited.

It seems to us that the practice under the statute of Illinois above quoted is entirely fair. If the litigant has a constitutional question, federal or state, he may take the case directly to the Supreme Court and have that question decided, together with all the other questions in the case, and then, if the federal constitutional question is decided against him, he may bring it here by writ of error or application for certiorari. If he elects to take his case to the Appellate Court, he may have the non-constitutional questions considered and decided, but he gives up the right to raise constitutional objections in any court. There is some complaint that counsel could not infer that the constitutional questions referred to in the statute were federal questions, because the Supreme Court of Illinois had not so decided before this case. We have not been able to determine from the Illinois decisions cited above whether any of the constitutional questions held to be waived therein were federal until the present case. It is not, however, a forced or strained interpretation to hold that "cases . . . in which the validity of a statute or construction of the Constitution is involved " include validity under, or construction of, both constitutions. When so declared by the state court it should bind us unless so unfair or unreasonable in its application to those asserting a federal right as to obstruct it. This is no such case.

The case of *Prudential Insurance Co.* v. *Cheek*, 259 U. S. 530, is relied upon to sustain the writ in this case. In that case there was a trial by jury, resulting in a verdict in favor of the plaintiff. The defendant reserved its constitutional points and appealed from the resulting judgment to the state Supreme Court, which refused to take jurisdiction, on the ground that all constitutional questions had been decided by it on a former appeal, and because the verdict, being only for $1,500, was less than the jurisdictional amount required by the statute, transferred the cause to the St. Louis Court of Appeals for final disposition. The St. Louis Court of Appeals, in conformity to the former opinion of the Supreme Court on the constitutional questions, affirmed the judgment, and refused the application for certification of the case to the Supreme Court. A writ of error from this Court to the St. Louis Court of Appeals followed, and a motion to dismiss the writ was made on the ground that the judgment of the Court of Appeals was not that of the highest court of the State in which a decision in the suit could be had. The motion was denied and the case considered on its merits. There is nothing in that case which conflicts with granting the motion to dismiss in this. The plaintiff in error had exhausted every means to test the question in the Supreme Court of Missouri, and had lost; and on the second hearing a writ of error properly lay to the highest court to which the case could be taken, which was the intermediate court. Here, the law of the State under the statute, as many times construed, required the appeal on constitutional grounds to be taken directly from the Circuit Court to the Supreme Court of Illinois. It elected, instead, to go to the Appellate Court, with the consequences well understood, and thereby it waived the question which it now wishes to present here.

> *The motion to dismiss the writ of error is granted.*