## The People of the State of Illinois, Defendant in Error, v. C. Edward Barnett, Plaintiff in Error.

1. APPEAL AND ERROR—*waiver of constitutional questions by prosecuting error to Appellate Court where assignments present questions determinable in that court.* One who prosecutes a writ of error to the Appellate Court is deemed thereby to waive assignments of errors touching questions involving a determination of the constitutionality of a statute, where other assignments present questions which that court may determine.

2. MEDICINE AND SURGERY—*power to examine and license applicants for permission to practice naprapathy.* Under Medical Practice Act of 1923, Cahill's St. ch. 91, and the Civil Administrative Code, § 59, subsec. 6, Cahill's St. ch. 24a, ¶ 59, subd. 6, the Depart-

ment of Registration and Education has ample power to examine and license applicants for permission to practice naprapathy.

3. MEDICINE AND SURGERY—*provisions of Medical Practice Act as including treatment of human ailments by drugless methods.* The title of Medical Practice Act of 1923, Cahill's St. ch. 91, is broad enough to include not only the practice of medicine in all its branches, but also the limited treatment of human ailments without drugs or medicines, notwithstanding the fact that the act does not define the term "practice of medicine" so as to include such methods of treatment.

Error by defendant to the County Court of St. Clair county; the Hon. W. R. WEBER, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed April 27, 1926.

F. J. TECKLENBURG, for plaintiff in error.

H. C. LINDAUER, State's Attorney, for defendant in error; CURT C. LINDAUER, of counsel.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

A jury being waived, plaintiff in error was tried, found guilty and sentenced to pay a fine of $100 and costs in the county court of St. Clair county, under an information charging among other things that he unlawfully attached the title "Doctor" to his name, indicative that he was engaged in the treatment of human ailments as a business, and that he did not possess a license so to do. To reverse said judgment, this writ of error is prosecuted.

The record discloses that plaintiff in error maintained an office in Belleville, above the door of which was the sign: "Dr. C. Edward Barnett, Naprapathy. Acute, Chronic and Nervous Diseases." In the main door of the corridor of the building, on the directory appearing therein, were the words: "Dr. C. Edward Barnett, Naprapath." A blotter from his office was also offered and admitted in evidence, on which was printed;

''Naprapathy
Cures When Others Fail
Chartered Manipulation
World's Greatest Healing Art
No Drugs, No Knife, No Risk      Safe, Sane, and Sure
Phone
Office Bell 377
Res. Bell 349-W, Kin. 650-R
Dr. C. Edward Barnett
and staff
Dr. Porter W. Karr
Naprapaths
46 First Natl. Bank Bldg.            Belleville, Illinois.''

Plaintiff in error concedes that he has no license. It is his contention that no provision is made in the Medical Practice Act of 1923 for the granting of a license for the treating of human ailments as a naprapath, and for that reason he did not apply therefor.

Section 9 of the Medical Practice Act of 1923 [Cahill's St. ch. 91, ¶ 9], among other things, provides:

''Examinations of applicants who seek to practice any system or method of treating human ailments without the use of drugs or medicines and without operative surgery shall be the same as required of applicants who seek to practice medicine in all of its branches, excepting therefrom materia medica, therapeutics, surgery, obstetrics, and theory and practice, and shall be such in the judgment of the department (of Registration and Education) as will determine the qualifications of the applicant to practice the particular system or method of treating human ailments without the use of drugs or medicines and without operative surgery which he specifically designated in his application as the one which he would undertake to practice.''

Plaintiff in error admits that said Act purports to make unlawful the treating of human ailments with-

out the use of drugs, etc., but contends that said Act is not operative as to naprapathy for the alleged reason, as he contends, that there is no provision made for the licensing of naprapaths.

While the Medical Practice Act of 1923 does not purport, in and of itself, to provide a means of examination and licensing of persons to practice medicine in all its branches, or for a limited treatment of human ailments, it specifically provides that the Department of Registration and Education shall have charge of the same, subsection 6 of paragraph 59 of chapter 24a, Cahill's Statutes, being as follows:

"The Department of Registration and Education shall have power to exercise the rights, powers and duties vested by law in the State Board of Health relating to the practice of medicine, or any of the branches thereof, or midwifery."

It is the contention of counsel for plaintiff in error that the provisions above quoted do not provide for an examination of persons desiring to practice naprapathy; that the examination there provided for has to do with persons practicing medicine in all its branches.

One of the grounds set forth by plaintiff in error, in his motion for a new trial, was that the Medical Practice Act of 1923 is unconstitutional, and in the assignment of errors it is set forth that the trial court erred in overruling the motion for a new trial.

If plaintiff in error is undertaking to raise the constitutionality of said Act, he is not in a position to do so, having prosecuted his writ of error to this court, and there being other questions raised by the assignment of errors which this court may pass on. He is therefore deemed to have waived any questions pertaining to the constitutionality of the Act. *Drtina v. Charles Tea Co.*, 281 Ill. 259; *City of Edwardsville v. Central Union Tel. Co.*, 302 Ill. 362; *People v. Eaton*, 233 Ill. App. 504-507.

However, the Supreme Court has held said Act constitutional. *People v. Witte,* 315 Ill. 282; *People v. Walder,* 317 Ill. 524. In *People v. Witte, supra,* the court had before it an information charging the practice of naprapathy. After setting forth the ailments treated by practitioners of that school, and the methods used by them in treating human ailments, the court at page 285 says:

"The General Assembly, in framing the Medical Practice Act, was confronted by the necessity of applying its provisions to the schools of medicine or medical practice now existing and to those which might arise from time to time. It was impossible to formulate a statute with particular reference to each. A plan of regulation was provided in a single, comprehensive enactment applicable alike to all schools, present and future. The plan divides licenses (Cahill's Stat. 1923, ch. 91, ¶ 11), so far as physicians are concerned, into two classes, one of which confers the right to practice medicine in all of its branches, and the other to treat human ailments without the use of drugs or medicines and without operative surgery, the licensee under such a license to be restricted by its terms to the practice of the system or method which he specifically designated in his application as the one he would undertake to practice."

The Supreme Court has frequently held that the term "practice of medicine" is not confined alone to those practitioners who may use drugs, etc. *People v. Gordon,* 194 Ill. 560; *People v. Dunn,* 255 Ill. 289; *People v. Siman,* 278 Ill. 257; *People v. Krause,* 291 Ill. 67; *People v. Trenner,* 144 Ill. App. 275; *People v. Kane,* 205 Ill. App. 32. In *People v. Siman, supra,* the court at page 257 says:

"The term 'medicine' is not limited to substances supposed to possess curative or remedial properties, but has also the meaning of the healing art,—the science of preserving health and treating disease for the

purpose of cure,—whether such treatment involves the use of medical substances or not. In common acceptation, anyone whose occupation is the treatment of diseases for the purpose of curing them is a physician, and this is the sense in which the term is used in the Medical Practice Act."

Counsel for plaintiff in error concedes that the Supreme Court has heretofore so construed the term "practice of medicine," but insists that in those cases the court had before it practice acts in which the act itself, in defining what constituted the practice of medicine, included within it the treating of human ailments without drugs or medicine, and that therefore those cases are not applicable here, inasmuch as it is contended that the Medical Practice Act of 1923 does not so define the term "Medical Practice Act."

The title to the Act of 1923 is as follows: "An act to revise the law in relation to the practice of the treatment of human ailments for the better protection of the public health, and to prescribe penalties for the violation hereof." The title of the Act is broad enough to include not only the practice of medicine in all its branches, but also the limited treatment of human ailments without drugs or medicine. While section 1 of the Act is to the effect that the Act shall be known as the Medical Practice Act, that does not limit the scope of the Act to the practice of medicine in all its branches.

We are therefore of the opinion and hold that there is ample provision under the law as it now stands for the examination and licensing of persons desiring to practice naprapathy.

The record fully discloses, and it is practically admitted, that plaintiff in error was advertising to treat diseases, and that he maintained an office for such purpose, concededly without a license so to do. We therefore hold that the court did not err in finding plain-

tiff in error guilty and in imposing a fine for the violation of said Act.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*