POLSTON, J.,
concurring in result.
Although I do not concur fully with the portrayal of the background or with the entirety of the majority’s analysis, I agree with the majority’s holding that, under Florida law, the non-parties waived any First Amendment privilege by failing to raise it in a timely manner. See Kaye Scholer LLP v. Zalis, 878 So.2d 447, 449 (Fla. 3d DCA 2004) (explaining that the failure to comply with Florida Rule of Civil Procedure 1.280(b) may result in the waiver of a privilege). I also agree with the majority that the non-parties’ general assertion of a trade secrets privilege does not prevent production of the documents. See Charles W. Ehrhardt, Ehrhardt’s Florida Evidence, § 506.1 (2014 ed.) (“The party invoking the privilege bears the burden of showing ‘good cause’ for protecting or limiting discovery by demonstrating that the information sought is a trade secret or confidential business information and that disclosure may be harmful.”); see also Am. Express Travel Related Servs., Inc. v. Cruz, 761 So.2d 1206, 1209 (Fla. 4th DCA 2000). I write separately to address federal law.
*1134 During oral argument, the non-parties asserted that federal law, not Florida law, governs the question of whether they waived their First Amendment rights. The adequacy of a waiver under state law to the assertion of a federal right is a matter of federal law. Lee v. Kemna, 534 U.S. 862, 375, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002); Douglas v. Alabama, "380 U.S. 415, 422, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). But, under federal law, the question is whether state “practice gives litigants ‘a reasonable opportunity to have the issue as to the claimed [federal] right heard and determined’ by the state court.” Parker v. Illinois, 333 U.S. 571, 574, 68 S.Ct. 708, 92 L.Ed. 886 (1948) (holding, in a discovery dispute, that waiver of First Amendment claim, under state law, was adequate under federal law) (quoting Cent. Union Tel. Co. v. City of Edwardsville, 269 U.S. 190,194-95, 46 S.Ct. 90, 70 L.Ed. 229 (1925)); 16B Charles Alan Wright, Arthur R. Miller <& Edward H. Cooper, Federal Practice and Procedure § 4028 (3d ed. 2014) (“The best interpretation of the cases, together, is that state procedure may be followed so long as it affords a reasonable opportunity to assert federal rights.”).
In this case, the non-parties had a reasonable opportunity to have any claim of a First Amendment privilege heard and decided by Florida’s courts. As the majority opinion explains in detail, the non-parties could have asserted, but failed to assert, their First Amendment claim before or during the deposition in November 2012, in their subsequent motion to quash the subpoenas duces tecum, during multiple discovery hearings in late 2012 and early 2013, and in their certiorari petition to the First District Court of Appeal. When the non-parties decided to challenge production on the basis of relevancy, cost, and burdensomeness instead, the non-parties made a choice that involved waiving the First Amendment issue that they asserted much later in the proceedings. See Parker, 333 U.S. at 575, 68 S.Ct. 708 (“[Petitioner plainly had a reasonable opportunity to have his federal questions passed upon by the state court. When petitioner acting through counsel decided to seek review in the [improper state] Appellate Court he made a choice which involved abandonment of the constitutional issues which he had raised in the proceedings.”). Therefore, because Florida law provided the litigants with a reasonable opportunity to assert their federal rights but they failed to do so, the .non-parties’ waiver of their First Amendment claim under state law satisfies federal law.
Accordingly, I concur in result.
CANADY, J., concurs.