## NEWMAN *v.* GATES.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 137. Argued December 14, 17, 1906.—Decided January 7, 1907.

Where the highest court of the State does not pass on the merits of the case but dismisses the appeal because of defect of parties the case stands as though no appeal had been taken; and as this court, under § 709, Rev. Stat., can only review judgments or decrees of a state court when a Federal question is actually or constructively decided by the highest court of the State in which a decision in the suit can be had, no judgment or decree has been rendered reviewable by this court and the writ of error must be dismissed.

Writ of error to review 165 Indiana, 171, dismissed.

Jacob Newman, George Northrop, Jr., and S. O. Levinson commenced this action in the Superior Court of Marion County, Indiana, against the defendant in error, Harry B. Gates. Recovery of the sum of $1,400 was sought upon a judgment obtained by Newman and his co-plaintiffs against Gates in the Circuit Court of Cook County, Illinois. The defendant filed an answer in two paragraphs, but as the defenses therein

asserted were ultimately abandoned they need not be detailed. A counterclaim was also filed, in which it was alleged that the plaintiffs were and for more than two years had been attorneys at law engaged in the practice of their profession at Chicago, Illinois, under the firm name of Newman & Northrop; that the Illinois judgment sued upon was founded upon a claim for legal services rendered to the defendant; that the services had been rendered in advising the defendant, as trustee, in and about the management of the property and assets of a corporation known as the American Mortar Company while in course of administration in insolvency proceedings, and that the defendant had sustained damage to the extent of two thousand dollars by reason of a breach of duty alleged to have been committed by the plaintiffs in the course of their employment in failing to obtain an order of the court in the insolvency proceedings relieving the defendant from personal liability for attorney's fees and providing for payment of his compensation, etc. It was also charged that the plaintiffs had been guilty of a breach or neglect of duty in connection ·with a sale of the trust property in the insolvency proceedings, whereby defendant had sustained damages in the sum of $2,500. A reply was filed to the counterclaim, in two paragraphs, one embracing a general denial and the other setting up the Illinois judgment as *res adjudicata* as to all the matters embraced in the counterclaim.

In due course the case came on for trial and the plaintiffs recovered a judgment for the amount of their claim. The case was taken to the Appellate Court' of Indiana. That court reversed the judgment and remanded the case for a new trial, *Gates* v. *Newman*, 18 Ind. App. 392, and for want of authority a petition for a writ of certiorari was denied by the Supreme Court of Indiana. 150 Indiana, 59. In the opinion of the Appellate Court, as also in a dissenting opinion, the character of the counterclaim and the question whether, as respects the matters therein set forth, the Illinois judgment was *res adjudicata*, were considered at great length. Following an in-

spection of the record of the Illinois action the court held that the counterclaim stated matters which constituted something more than a mere defense to the claim asserted in the Illinois action, that it could not be said that under the plea of the general issue interposed by the defendant in that action the matters averred in the counterclaim were necessarily adjudicated, and that it was a question to be determined upon the trial whether *in fact* such matters had been theretofore litigated and determined. On the new trial the court held that certain of the issues made by the counterclaim and reply had been litigated in the Illinois action and that the Illinois judgment was *res adjudicata* as to such issues, but submitted to the jury the question of the alleged neglect of plaintiffs in failing in the insolvency proceedings to procure an order charging the trust estate with the fees in question and the compensation earned by defendant as trustee. And the court left it to the jury to determine upon a preponderance of evidence whether or not it was the law of Illinois that the failure of plaintiffs to procure such an order, if they did so fail, was a matter which was adjudicated in the Illinois action, whether evidence was introduced on such point or not, and the jury was instructed that if such was the law of Illinois recovery could not be had upon the counterclaim.

The second trial resulted in a verdict of $181.74 for the defendant Gates, that being the sum found to be due him in excess of the amount of the judgment sued upon. After the entry of judgment and before the taking of an appeal George W. Northrup, Jr., one of the original plaintiffs, died. An appeal, however, was taken to the Appellate Court of Indiana by Jacob Newman and S. O. Levinson, describing themselves as surviving partners of the firm of Newman, Northrop & Levinson. The personal representative of the deceased partner was not made a party to the appeal. The Appellate Court of Indiana overruled an objection to the sufficiency of the appeal and on the merits reversed the judgment and ordered the cause remanded for a new trial. On the petition of the

defendant Gates the Supreme Court of Indiana removed the cause into that court for decision and subsequently dismissed the appeal, holding that on account of the omission to make the personal representative of George W. Northrop, Jr., a co-appellant the appeal could not be determined upon the merits. 165 Indiana, 171. A petition for a rehearing having been denied, the cause was brought here.

*Mr. Charles Martindale* and *Mr. S. S. Gregory* for plaintiffs in error.

*Mr. Edward E. Gates,* with whom *Mr. Albert Baker, Mr. Edward Daniels* and *Mr. Lewis C. Walker* were on the briefs, for defendant in error.

Mr. Justice White, after making the foregoing statement, delivered the opinion of the court.

A motion has been filed to dismiss the writ of error or to affirm, and we proceed at once to its consideration. Several grounds are urged in argument in support of the motion, but we do not find it necessary to do more than consider an objection based upon the absence of a Federal question.

The errors assigned are as follows:

"The Supreme Court of Indiana erred in holding and deciding:

"1. That the counterclaim set up by appellee Gates, the defendant, in the trial court, based upon a breach of the same contract of hiring, which was the basis of the action of the appellants against the appellee Gates, in the Circuit Court of Cook County, Illinois, was not adjudicated by the judgment in the Circuit Court of Cook County, Illinois, and by so deciding denied to the judgment of the Circuit Court of Cook County, Illinois, the force and effect which it has between the parties in the State of Illinois, wherein it was rendered, and denies full faith and credit to said judgment, contrary to and in

violation of Article 4, section 1 of the Constitution of the United States.

"2. That the appellee's counterclaim being valid and not merged and adjudicated by the judgment of the Circuit Court of Cook County, Illinois, it was of a nature which survived against the personal representatives of a member of the partnership of Newman, Northrop & Levinson, and that the personal representatives of the deceased partner were necessary parties to the appeal, and not having been made parties that neither the Appellate Court of the State of Indiana, nor the Supreme Court of the State of Indiana, has jurisdiction to determine the appeal and the same must be dismissed, and judgment of dismissal was so rendered. Which final judgment of the Supreme Court necessarily involved the adjudication of the claim of the appellants to the protection of Article 4, section 1, of the Constitution of the United States, 'that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State,' which adjudication was adverse to appellants' claim under said provision of the Constitution of the United States."

These assignments plainly import that the Supreme Court of Indiana on dismissing the appeal considered and decided a question which had been submitted to the jury on the trial, viz., whether the matters alleged in the counterclaim as the basis for a recovery over against the plaintiffs had or had not been concluded by the Illinois judgment sued upon by the plaintiffs. We do not so construe the opinion and decision of the court.

The Appellate Court of Indiana had held on the first appeal that the action of the trial court, in refusing to admit evidence in support of the counterclaim, because the Illinois judgment constituted *res adjudicata*, was error. It had further decided that the counterclaim was "based upon a breach of contract," and constituted an independent, affirmative cause of action in favor of the defendant, and that whether the questions therein involved were in fact adjudicated in the Illinois action

was a question for the jury. As a result of this ruling evidence was introduced at the subsequent trial to establish what were the questions litigated and determined in the Illinois action and the extent to which by the laws of Illinois the judgment in that case possessed conclusive force.

Now, in the opinion delivered by the Supreme Court of Indiana, on dismissing the appeal, the court did not discuss or in anywise refer to the scope and conclusive effect of the Illinois judgment. Undoubtedly, the court, in view of the law of the case as declared on the first appeal, treated the counterclaim as containing allegations of actionable breaches of duty which might have formed the subject of an independent action, and it is likewise evident that the court was of opinion that the plaintiffs were bound to perfect their appeal from the judgment upon the counterclaim, upon the hypothesis that the counterclaim set forth a valid cause of action against three individuals, viz., the plaintiffs in the main action. But substantially the court only considered and disposed of a preliminary question as to its authority to pass upon the controverted questions contained in the record before it. It found that there were in the counterclaim averments which it had been held early in the litigation required to be submitted to a jury, that the record exhibited a recovery upon the counterclaim against three persons, and that one of such persons had died after the rendition of judgment against him and his associates. Construing the statutes of Indiana, the court held that the cause of action asserted in the counterclaim survived the death of the party deceased, against whom a recovery had been had, that such cause of action could have been revived against the personal representative of the deceased, and that the personal representative was a necessary party appellant, and, not having been made a co-appellant and served with notice of the appeal, the court was without jurisdiction to pass upon the errors assigned upon the appeal. To give effect to the assignments of error we should be obliged to make the impossible ruling that, despite the overruling of a demurrer

to the counterclaim by the trial court, and the decision in respect to that pleading made by the Appellate Court on the first appeal, a mere inspection of the counterclaim so plainly demonstrates that the pleading is destitute of merit that it should be held to have been the duty of the state court of last resort to have treated the pleading as a sham and to have disposed of the appeal upon the hypothesis that the counter-claim was non-existent.

The removal of the cause from the Appellate Court into the Supreme Court of Indiana vacated the decision of the former tribunal, and after transfer the case stood in the highest court of Indiana as though it had been appealed to that court directly from the trial court. *Oster* v. *Broe*, 161 Indiana, 113. Had the appeal been properly taken it would have been the duty of the Supreme Court of Indiana to pass upon the questions presented by the record before it, including, it may be, a Federal question, based upon the due faith and credit clause of the Constitution, which, on various occasions, was pressed upon the attention of the trial court. In legal effect, however, the case stands as though no appeal had been prosecuted from the judgment rendered by the trial court. As the jurisdiction of this court to review the judgments or decrees of state courts when a Federal question is presented is limited to the review of a final judgment or decree, actually or constructively deciding such question, when rendered by the highest court of a State in which a decision in the suit could be had, and as for the want of a proper appeal no final judgment or decree in such court has been rendered, it results that the statutory prerequisite for the exercise in this case of the reviewing power of this court is wanting.

*Writ of error dismissed.*