MARIANNA MATTHEWS *v.* HUWE, TREASURER.

MORTIMOR MATTHEWS *v.* HUWE, TREASURER.

ERROR TO THE COURT OF APPEALS FOR THE FIRST JUDICIAL
DISTRICT OF OHIO.

Nos. 39, 40. Submitted October 12, 1925.—Decided November 30,
1925.

1. A decision of a state supreme court dismissing a petition in error
   to review a judgment of an intermediate court, upon the ground
   that the constitutional question raised, and upon which the juris-
   diction of the higher court depended, was not debtatable (i. e., was
   frivolous,) is a decision of the merits, so that a writ of error from
   this Court must go to the Supreme Court and not to the inter-
   mediate court. P. 263.
2. A writ of error from this Court will not lie to the judgment of an
   intermediate state court when the Supreme Court of the State,
   though lacking jurisdiction through writ of error taken as of right,
   had discretionary power to review the judgment by certiorari, and
   the plaintiff in error failed to apply for that remedy. P. 265.

Writs of error dismissed.

ERROR to decrees of the Court of Appeals of the State
of Ohio in suits to enjoin the collection of special tax
assessments. The cases were disposed of here on motions
to dismiss the writs of error.

*Mr. Mortimor Matthews,* for plaintiff in error Mari-
anna Matthews and *pro se.*

*Mr. Chas S. Bell,* with whom *Mr. Chester S. Durr*
was on the brief, for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the
Court.

Marianna Matthews owns one tract of land, and Mor-
timer Matthews five others, in Hamilton County, Ohio.
They lie within half a mile of Section X of the Glendale

and Milford Road. The plaintiffs brought suits under § 12075 of the General Code of Ohio, providing that Common Pleas Courts may enjoin the illegal levy or collection of taxes and assessments, to enjoin the county treasurer, the defendant in error, from collecting assessments made and levied on these lands for the cost of the improvement of Section X. Among other grounds for the petitions were allegations that the proceedings to assess were in violation of the Fourteenth Amendment of the Federal Constitution, in that they took away property from the plaintiffs without due process of law. In the Common Pleas Court the injunctions were sustained to the extent of some interest found to be excessive, but were denied in other respects. An appeal was taken to the Court of Appeals of Hamilton County, which affirmed the decrees of the Common Pleas Court. Petitions in error as of right were then prosecuted to the Supreme Court of the State, based on the ground that the cases involved constitutional questions. The Supreme Court made the following order in each case:

"Dec. 27, 1923. . . . This cause came on to be heard upon the transcript of the record of the Court of Appeals of Hamilton County, and it appearing to the Court that this cause was filed as of right, and that the record presents no debatable constitutional question, it is ordered that the petition in error be, and the same hereby is dismissed."

"It is further ordered that defendant in error recover from the plaintiff in error his costs herein expended, taxed at $. . . . . . . ."

Thereupon writs of error were applied for and allowed, not to the Supreme Court of Ohio, but to the Court of Appeals. Motions are now made to dismiss the writs.

We think the motions must be granted. In *Hetrick* v. *Village of Lindsay,* 265 U. S. 384, Hetrick brought suit

under the same section of the Ohio Code to enjoin the
illegal collection of a special assessment. The injunction
was denied in the Common Pleas Court and in the Court
of Appeals, on appeal. The plaintiff filed a petition in
error in the Supreme Court of the State. The defendant
moved to dismiss on the ground that no leave to file it
had been granted. The plaintiff claimed that no leave
was necessary under the Ohio practice, because the case
involved a question under the Constitution of the United
States, and the appeal was of right. The Court sustained
the motion to dismiss, on the ground that the statute
whose validity was attacked had been so long held consti-
tutional by the courts of the State that it could no longer
be questioned. A writ of error to bring the case here was
allowed by the Chief Justice of the Ohio Supreme Court
and entertained by this Court. That case is exactly like
this except as to the court to which the writ of error was
directed.

The plaintiffs in error rely on the case of *Norfolk and
Suburban Turnpike Company* v. *Commonwealth of Vir-
ginia,* 225 U. S. 264, and the rule laid down by Chief
Justice White, in which he said (at p. 269):

" For the purpose of avoiding the complexity and doubt
which must continue to recur and for the guidance of
suitors in the future, we now state that, from and after
the opening of the next term of this court, where a writ
of error is prosecuted to an alleged judgment or a decree
of a court of last resort of a State declining to allow a writ
of error to or an appeal from a lower state court, unless
it plainly appears, on the face of the record, by an affirm-
ance in express terms of the judgment or decree sought to
be reviewed, that the refusal of the court to allow an
appeal or writ of error was the exercise by it of jurisdic-
tion to review the case upon the merits, we shall consider
ourselves constrained to apply the rule announced in the
*Crovo Case,* and shall therefore, by not departing from

the face of the record, solve against jurisdiction the ambiguity created by the form in which the state court has expressed its action."

*Western Union Telegraph Company* v. *Crovo*, 220 U. S. 364, 366, was a Virginia case, in which a writ of error was denied by the Supreme Court of Appeals under a local practice, because the Court thought "the judgment was plainly right." The law and equity court, that is the lower court, was held to be the highest court of the State to which the case could be carried, and the writ of error from this Court to that court was sustained, a federal question being properly saved.

We think, however, that in these cases, as in the *Hetrick Case,* on the face of the record the state Supreme Court did pass on the merits of the case by holding that the questions involving the Constitution of the United States, and being the only ground for a writ of error from this Court, were not debatable. It is one of those not infrequent cases in which decision of the merits of the case also determines jurisdiction. The petition was dismissed, not because the court was really without jurisdiction, for it could have taken it, but because the question was regarded as frivolous, which is a different thing from finding that the petition was not in character one which the Court could consider.

Another reason why the motions to dismiss should be granted, even if the foregoing conclusion were wrong, is that the plaintiffs in error did not exhaust all their remedies for review by the Supreme Court of the State. After their petitions for writs of error as of right were denied, they had under the Ohio practice the right to apply to the Supreme Court in its discretion for writs of certiorari to bring the cases to that court for its consideration. No such application was made.

In *Stratton* v. *Stratton,* 239 U. S. 55, another Ohio case, a writ of error was directed to the Court of Appeals to

reverse a judgment of that court, on the ground that it was the highest court in which a decision in the suit could be had.   It was held, however, that as the Supreme Court by the constitution of the State had authority to review the judgments and decrees of the Court of Appeals by certiorari and no application had been made therefor, the Court of Appeals could not be considered the court of last resort and a writ of error from this Court to that would not lie.   The same view was taken in *Andrews* v. *The Virginian Railway Company,* 248 U. S. 272.   The plaintiffs in error are thus in a dilemma from which they cannot escape.   If the Supreme Court by final decree disposed of the constitutional questions on the merits by dismissal of the petition, then the writ of error lay to the Supreme Court.   If it did not, then the decree of the Court of Appeals did not become that of the highest court to which a writ of error would lie from this Court for lack of application for certiorari.

*Writs of error dismissed.*