McMASTER ET AL. *v.* GOULD ET AL.

CERTIORARI TO THE SUPREME COURT OF NEW YORK

No. 85.   Argued October 28, 1927.—Decided March 5, 1928.

By the law of New York (Civ. Pr. Act. § 588), appeals from judgments of the Supreme Court, Appellate Division, which finally determine actions or special proceedings, may be taken to the Court of Appeals as of right in certain cases, and, in others, may be allowed upon application, by the Appellate Division, or, in case of refusal, by the Court of Appeals; but if an appeal which is not of right be taken without such leave, it must be dismissed. Petitioners, having been refused leave by the Appellate Division, sued out an appeal which was dismissed by the Court of Appeals without opinion.

*Held,* that the dismissal must be taken as a holding that the case was not appealable of right; and that, since the petitioners had omitted to apply for leave to the Court of Appeals, the judgment of the Appellate Division was not that of the highest court of the State in which a decision could be had, and the writ of certiorari must therefore be dismissed. P. 286.

Dismissed.

CERTIORARI, 273 U. S. 677, to the Supreme Court of New York, Appellate Division, 215 App. Div. 871, to review a judgment affirming a refusal to make an order of substitution.

*Mr. Louis Marshall,* with whom *Mr. James Marshall* was on the brief, for petitioners.

*Mr. Wm. Wallace, Jr.,* for respondents.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This record presents a preliminary question as to our jurisdiction under the writ of certiorari.

The petitioners brought an action in equity in the Supreme Court of New York against George J. Gould and others for an accounting of syndicate funds. Gould having died before the trial, the petitioners, proceeding under a rule to show cause, moved for an order substituting the respondents, the executors of his estate, as parties defendant, and reviving the action as against them. The court denied this motion and dismissed the rule to show cause; and this was affirmed by the Appellate Division, without opinion. 215 App. Div. 811. The petitioners moved the Appellate Division " for leave to appeal to the Court of Appeals." This was denied. The petitioners then took an appeal without leave. This was dismissed by the Court of Appeals, without opinion. 242 N. Y. 604.

The petitioners contend that although the judgment of the Appellate Division does not finally and completely dispose of the entire action, it is nevertheless a " final judgment " which may be reviewed under § 237(b) of the Judicial Code, as it is a " final " and complete judgment in an ancillary and " independent proceeding " to revive the action against the respondents. The respondents contend that, even if this be so, it is not, under that section,

the judgment of the highest court of the State in which a decision could be had, since the petitioners did not apply to the Court of Appeals for leave to appeal.

Sec. 588 of the New York Civil Practice Act authorizes the taking of an appeal to the Court of Appeals from a judgment or order of the Appellate Division " which finally determines an action or special proceeding." Subd. 1 provides that such an appeal may be taken " as of right " in certain classes of cases. Subd. 4[1] provides that where such an appeal does not lie as of right under Subd. 1, it may be taken where the Appellate Division certifies that in its opinion a question of law is involved which ought to be reviewed, or where, in case of the refusal so to certify, an appeal is allowed by the Court of Appeals. To obtain such a a discretionary appeal application may be made to the Appellate Division for leave to appeal, and in case of refusal, to the Court of Appeals. See § 591; *Sultzbach* v. *Sultzbach,* 238 N. Y. 353, 355. And when an appeal which is not a matter of right is taken without leave, it must be dismissed. *People* v. *Trimarchi,* 231 N. Y. 263, 268; *Pillsbury Flour Mills Co.* v. *Nicotera,* 234 N. Y. 534; *Matter of Schmidt,* 236 N. Y. 645, 646; *Donovan* v. *Cunard Steamship Co.,* 236 N. Y. 651; *Johnson* v. *Whaley,* 239 N. Y. 570, 571.

Assuming the correctness of the petitioners' contention that the judgment of the Appellate Division is a " final " determination of an independent proceeding to revive the action against the respondents, the dismissal by the Court of Appeals of the appeal sued out without leave, must be taken, nothing else appearing, as a holding by that court that the case was not one in which an appeal lay as a matter of right. And since the petitioners, when the Appellate Division refused them leave to appeal, did not make an application to the Court of Appeals for such

---

[1] Changed to Subd. 5 by Laws of 1926, ch. 725.

leave, the judgment is not that of the highest court of the State in which a decision could be had. See *Newman* v. *Gates*, 204 U. S. 89, 95. In any respect we are without authority to review the judgment; and the writ is

<em>Dismissed for want of jurisdiction.</em>

MR. JUSTICE STONE did not sit in this case.