## McDERMOTT v. BRYER.

### No. 2740.

Circuit Court of Appeals, First Circuit.
Dec. 17, 1932.

As Modified Jan. 3, 1933.

William H. Shea, of Boston, Mass., for appellant.

Richard Wait, of Boston, Mass. (F. H. Nash, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a bill in equity brought by Charles W. McDermott, plaintiff-appellant, against Joseph G. Bryer, defendant-appellee, to have the provisions of chapter 334 of the Acts of Massachusetts of 1927, under which an order was issued in a supplementary proceeding by the municipal court of Boston, declared invalid, and an injunction issue restraining the enforcement of the order and proceeding.

Some time prior to the bringing of this suit (March 31, 1921), Margaret R. Dashiell obtained a judgment, in the municipal court of the city of Boston for civil business, in the sum of $17,000, with costs and interest, against McDermott, the plaintiff here. Shortly prior to March 12, 1931, Margaret R. Dashiell, through her attorney, Joseph G. Bryer, filed in said municipal court an application for supplementary proceedings under chapter 334 of the Massachusetts Acts of 1927, and obtained an order summoning McDermott, the judgment debtor, to appear and submit to an examination relative to his property and ability to pay the judgment. McDermott duly appeared in response to the summons and submitted to an examination relative to the matter above stated, and on March 12, 1931, the municipal court found he was able to pay the judgment in full, by partial payments from time to time, out of his income, and, having first allowed him out of his income a sufficient amount for the support of himself and of his family, it ordered that he should pay each month out of his income the sum of $200 on account of the judgment, the payments to be made each month thereafter beginning April 1, 1931, before 5 o'clock p. m., to Joseph G. Bryer, the attorney of Margaret R. Dashiell, at his office, No. 85 Devonshire street in Boston, until the said judgment and costs of the supplementary proceedings should be paid in full.

It further appears that Joseph G. Bryer

was the duly appointed attorney of Margaret R. Dashiell to collect the judgment and that, under chapter 334, p. 442, § 16, a judgment creditor is authorized to cause appropriate proceedings to be commenced and prosecuted in the municipal court requiring the debtor to comply with its order and to institute contempt proceeding in case of failure to obey it without just excuse; said order, however, being subject at any time to being revised, modified, suspended, or revoked by the court; but if not revised, suspended, or revoked and the debtor is found in contempt for disobeying the same, he is subject to a fine of not more than $20 or imprisonment in jail for not more than thirty days. And while it is found that McDermott has failed to pay the creditor the installments in accordance with the order, it is not found and there was no evidence that Bryer, the agent, had made any threats to institute contempt proceedings, although he admitted that he had authority to do so.

The grounds upon which the validity of chapter 334 is challenged are: (1) That it is in violation of section 1 of the Fourteenth Amendment of the Federal Constitution, providing that no state shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws"; and (2) that it violates section 1 of the Thirteenth Amendment of the Federal Constitution, which provides that "neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." In other words the suit is brought to test the constitutionality of the act, in the respects named, by the judgment debtor, not against the person who owns and controls the judgment, but against her attorney or agent authorized to collect the same. It thus appears that the person who owns the judgment and who has full control and say as to what acts and proceedings shall be taken for its collection and enforcement is not made a party to the suit. It is apparent that the judgment creditor is not only a necessary but an indispensable party to this suit, as no steps can be taken for the enforcement and collection of the judgment without her being a party thereto and pursuant to the authority by her given. The mere fact that she may have authorized Bryer to make collection of the judgment is of little consequence inasmuch as she may at any time revoke that authority. A judgment of this court, restraining Bryer from continuing the supplementary proceeding for the collection of the judgment, would not preclude the judgment creditor from thereafter revoking his authority and continuing the proceeding in person or by some other attorney, or from selling the judgment to another who might do the same. The power of the court cannot be invoked to determine questions affecting the rights of parties not before it, the decision of which questions, because of the absence of an indispensable party, it cannot enforce.

For this reason the plaintiff's suit should have been dismissed.

But if it be assumed that Margaret R. Dashiell, the judgment creditor, is a party to this suit, it is even then extremely doubtful whether the District Court would have been authorized to issue an injunction restraining the supplementary proceeding for the collection and satisfaction of the judgment as prayed for. It is not contended and there is nothing to indicate that the judgment for $17,000 is not a valid one and, consequently, it must be so considered. On the above assumption the question would be whether a federal court has jurisdiction to enjoin a supplementary proceeding, in whole or in part, in a state court in aid of a valid judgment entered in that court, to enforce the collection and payment of the judgment. The supplementary proceeding here in question, as said in Mutual Reserve, etc., Ass'n v. Phelps, infra, "was a mere continuation of the action already passed into judgment, and in aid of the execution of such judgment," and "being a mere continuation of the action at law, and not removable to the Federal court, the latter had no jurisdiction to enjoin proceedings under it." Mutual Reserve, etc., Ass'n v. Phelps, 190 U. S. 147, 159, 23 S. Ct. 707, 710, 47 L. Ed. 987. Section 720 of the Revised Statutes (now Jud. Code § 265 [28 USCA § 379]) precludes a federal court from staying "proceedings in a state court," and because thereof a federal court cannot "stay original or supplementary proceedings in a state court; * * *" or review the same. Simon v. Southern Ry., 236 U. S. 115, 123, 35 S. Ct. 255, 257, 59 L. Ed. 492. But it may enjoin a party from having the fruits of a *final judgment* that is void for fraud, want of service, or want of jurisdiction. Simon v. Southern Ry., supra.

The order in the supplementary proceeding here in question is not a final judgment.

It is an order that, by the terms of chapter 334, is subject to being revised, modified, or revoked and canceled in the very court that entered the order and before being executed. It would seem that an order made subject to modification or revocation in the discretion of the court, depending upon a change in the financial condition of the debtor affecting his ability to pay, and made as a mere step in a supplementary proceeding in the collection of a valid judgment, is not one that a federal court should enjoin in view of the provisions of section 720. See, also, Essanay Film Co. v. Kane, 258 U. S. 358, 42 S. Ct. 318, 66 L. Ed. 658.

In view of the foregoing we are of the opinion that the District Court should have dismissed the suit, without consideration of the merits. The judgment debtor undoubtedly could have the matter considered upon a suitable application to the Supreme Judicial Court of Massachusetts in the exercise of its supervisory powers (Swan v. Justices, 222 Mass. 542, 545, 111 N. E. 386; Giarruso v. Payson, 272 Mass. 417, 172 N. E. 610); or, in case of arrest for contempt, on an application for a writ of habeas corpus to that court.

The decree of the District Court is vacated, and the bill is dismissed for want of jurisdiction. No costs.

MORTON, Circuit Judge (concurring).

I concur in the result. I hesitate to agree that if the case had been one in which an important constitutional right of the plaintiff had been violated by proceedings in the state court and he had been in danger of suffering irreparable injury, the federal court would not have jurisdiction because the other party to the state court litigation was not found within the District. I rest my conclusion on the opinion of Judge Brewster in the District Court with which I entirely agree, except that I think the case might well have been dismissed on the ground that the plaintiff had not exhausted his remedies in the state courts. Matthews v. Huwe, 269 U. S. 262, 46 S. Ct. 108, 70 L. Ed. 266; John v. Paullin, 231 U. S. 583, 34 S. Ct. 178, 58 L. Ed. 381. I should suppose, as is said in the opinion, that the correction of unconstitutional action by an inferior court would clearly be within the power of "general superintendence * * * to correct and prevent errors and abuses" which is fixed in the Supreme Judicial Court of Massachusetts. General Laws, chap. 211, § 3.