181 So.2d 529 (1966)
Herbert Ebenezer CALLENDAR, Appellant,
v.
STATE of Florida, Appellee.
Leslie SMITH, Appellant,
v.
STATE of Florida, Appellee.
James O'CONNOR, Appellant,
v.
STATE of Florida, Appellee.
Nos. 32648-32650.
Supreme Court of Florida.
January 5, 1966.
*531 Ernest D. Jackson, Jacksonville, for appellants.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
The Appellants Callendar, Smith, and O'Connor were convicted in the County Judge's Court for Marion County on a charge of unlawful assembly in violation of F.S. § 870.02, F.S.A. Their appeal to the circuit court was dismissed on motion of the State Attorney for failure to comply with the appropriate Florida Appellate Rules. In his order dismissing the appeals the circuit judge added that he had nevertheless examined the record and briefs and found the appeals to be without merit. While it is not vital to our disposition of this cause we note that the notices of appeals before the circuit judge sought review of the verdict of the jury, the order denying the defendants' motion for new trial, and the sentence imposed on the defendants, but not of the judgment of guilt. Neither the verdict of the jury nor the order denying new trial are appealable orders. A sentence is appealable by a defendant only on the grounds that it is excessive or illegal. F.S. Section 924.06 (4) F.S.A. It does not appear that the appellants contended that the sentence itself was either illegal or excessive. This circumstance may well account for the gratuitous statement by the circuit judge that he found the appeal to be without merit.
Following the dismissal of their appeals the appellants petitioned the District Court of Appeal, First District, for writ of common law certiorari, which petition was denied in an order reading: "Per Curiam. Certiorari denied." Callendar v. State, Fla. App. 1963, 151 So.2d 80; Smith v. State, Fla.App. 1963, 151 So.2d 80; O'Connor v. State, Fla.App. 1963, 151 So.2d 80.
From these orders each of the appellants took an appeal to this Court, which appeals were dismissed by us, ex mero motu, because they presented no question within our jurisdiction to review. Article V, Section 4(2), Florida Constitution, F.S.A.
Thereafter the Supreme Court of the United States granted certiorari and reversed our order dismissing these appeals by a per curiam decision in the following words (380 U.S. 519, 85 S.Ct. 1325, 14 L.Ed.2d 265. Decided April 26, 1965):
"The petition for writ of certiorari is granted and the judgments are reversed. Boynton v. Com. of Virginia, 364 U.S. 454, 81 S.Ct. 182, 5 L.Ed.2d 206; Abernathy v. State of Alabama, 380 U.S. 447, 85 S.Ct. 1101, 14 L.Ed.2d 151."
Upon receiving the Mandate of the Supreme Court of the United States in these causes we entered an order remanding them to the District Court of Appeal, First District, with instructions that they in turn be remanded to the circuit court and then to the County Judge's Court, Marion County, and that the judgments and sentences be vacated.
Following our order the State petitioned for rehearing which we granted. After hearing oral argument on rehearing we have determined that our first order entered on the mandates was erroneously made and therefore must be, and is, withdrawn for reasons to be discussed below.
The jurisdiction of this Court, the Supreme Court of Florida, is both limited and defined by the constitution of this State. Section 4(2) Article V, Florida Constitution. Insofar as appellate review *532 of decisions of the several district courts of appeal is concerned we have authority to entertain an appeal of a decision of one of those courts only if the decision either (1) initially (for the first time in the cause) passed directly upon the validity of a state or federal statute, or (2) construed a controlling provision of either the state or federal constitution. For meaning of "construing" a constitutional provision as used in our constitution see Armstrong v. City of Tampa, Fla. 1958, 106 So.2d 407. We have consistently interpreted our constitution to deny this Court authority to entertain an appeal from an order of a district court unless such order either passed upon the validity of a statute or construed a constitutional provision. Evans v. Carroll, Fla. 1958, 104 So.2d 375; State ex rel. Emanuel v. Cooper, Fla. 1963, 152 So.2d 471.
It is obvious that the district court of appeal's simple per curiam orders denying certiorari from which the subject appeals were taken to this Court neither directly passed on the validity of a statute nor construed a provision of either state or federal constitutions. We therefore had no power, authority, or jurisdiction to act on the appeals.
It is true that F.S. Section 59.45 F.S.A. authorizes us to treat appeals which have been improvidently brought as petitions for certiorari. However, since these decisions of the district court of appeal neither affect a class of state officers nor conflict on the same point of law with a previous decision of this Court or of another court of appeal, they do not fall within our certiorari jurisdiction. Article V, Section 4 Florida Constitution. Therefore, this procedure would avail nothing here.
Because, under the facts of this case, this Court had no authority to review the district court of appeals' orders denying certiorari we entered our order, ex mero motu, dismissing said appeals. In doing so we never reached the merits of the causes. The only jurisdiction we exercised was that necessary to determine our jurisdiction. Therefore, our decision neither reached any federal question which might have been involved in the causes, nor denied the defendant-appellants any federal right properly presented for review. Our decision was based on a valid non-federal ground, the lack of jurisdiction in this Court to act in these causes.
Since the orders of the district court of appeal involved no question reviewable by this Court either by appeal or certiorari, those orders marked the complete exhaustion of Florida's appellate processes. Defendant-appellants were then entitled to seek relief in the Supreme Court of the United States without coming to this Court. In a somewhat comparable case, Dresner v. City of Tallahassee, Fla. 1964, 164 So.2d 208, the defendants did not go far enough in the Florida courts before seeking relief in the federal courts. In this instance it would appear the defendant-appellants went too far in the Florida courts before seeking relief in the federal Supreme Court.
In an unbroken line of decisions the Supreme Court of the United States has held that it rests with each state to prescribe the jurisdiction of its appellate courts, the mode and time of invoking that jurisdiction, and the rules of practice to be applied in its exercise. Moreover, when the state court, in entering the order attacked in the federal Supreme Court, does so on a non-federal ground, the U.S. Supreme Court has held it was without jurisdiction to review such order. Newman v. Gates, 204 U.S. 89, 27 S.Ct. 220, 51 L.Ed. 385 (1907); John v. Paullin, 231 U.S. 583, 34 S.Ct. 178, 58 L.Ed. 381 (1913); Atlantic Coast Line R. Co. v. Mims, 242 U.S. 532, 37 S.Ct. 188, 61 L.Ed. 476 (1916); Central Union Tel. Co. v. City of Edwardsville, 269 U.S. 190, 46 S.Ct. 90, 70 L.Ed. 229 (1925); McMaster v. Gould, 276 U.S. 284, 48 S.Ct. 299, 72 L.Ed. 574 (1927); Archerd v. State of Oregon, 290 U.S. 604, 54 S.Ct. *533 372, 78 L.Ed. 530 (1933); and Wolfe v. State of North Carolina, 364 U.S. 177, 80 S.Ct. 1482, 4 L.Ed.2d 1650 (1960), to name but a few. A classic statement of this view is the following contained in John v. Paullin, 231 U.S. at page 585, 34 S.Ct. at page 178:
"As the supreme court of the state did not pass upon the merits of the case or upon the correctness of any of the rulings below, but, on the contrary, held that it was powerless to do so because its appellate jurisdiction was not invoked in accordance with the laws of the state, we do not perceive any theory upon which its judgment of dismissal may be reviewed by us consistently with the familiar limitations upon our authority. See Rev.Stat. § 709; * * * Judicial Code, § 237. Certainly no Federal right was denied by that court, and if, as was held by it, its appellate jurisdiction was not properly invoked, no Federal question was before it for decision."
Nevertheless, if we correctly understand the Mandate of the Supreme Court now before us, that court has reversed our orders dismissing the subject appeals and directed this Court to enter orders vacating the judgments and sentences imposed on the defendant-appellants. To do this will require that we exercise jurisdiction in causes never properly presented to us and in which, under our state constitution, we are powerless to act. Such power can neither be bestowed on this Court by an order of the Supreme Court of the United States nor arrogated to ourselves by our own action. While we venture no remarks on the jurisdiction of the Supreme Court to entertain these causes under the circumstances noted herein, we are constrained by our oaths of office to obey the Florida Constitution, and it prohibits our exercising jurisdiction on the merits in these causes as these mandates would require.
It is obvious from the foregoing that we cannot obey the Mandate of the Supreme Court of the United States in these causes and at the same time observe the limitations on our authority imposed by our state constitution. This poses a dilemma which we are unable to solve.
For these reasons we respectfully return the Mandates in these causes with a request that the Supreme Court of the United States re-examine its opinions and mandates in light of this opinion and thereafter clarify for this Court the action, if any, which it is required that we take.
It is so ordered.
THORNAL, C.J., THOMAS, ROBERTS, DREW and O'CONNELL, JJ., and JOHNSON, District Court Judge, concur.
ERVIN, J., dissents.