ON REHEARING GRANTED
BOYD, Judge.
The petition for rehearing is granted.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 228 So.2d 925. In that decision the District Court dismissed appeals from rape convictions citing Calendar v. State, 181 So.2d 529 (Fla.1966).
This Court’s jurisdiction is based on conflict between the decision sought to be reviewed and Seaboard Air Line Railroad Co. v. Holt, 80 So.2d 354 (Fla.1955) and Edwards v. Poe, 189 So.2d 220 (Fla.App.2d.1966).
The question presented is whether the following notice of appeal was properly dismissed as inadequate:
“The defendants, Robert Gissendanner, Samuel Choice and John Forest Smalley, take and enter their appeal to the District Court of Appeals for the Fourth District to review the Final Judgment of Conviction bearing date the 5th day of January, A.D., 1968, entered in the *163 above-styled cause and recorded in the Circuit Court Minute Book No. 139, pages 478, 479 & 480, on the Sth day of January, A.D., 1968, and all parties to the said cause are called upon to take notice of the entry of this appeal.”
Date and Minute Book reference in the above-quoted notice of appeal are to the entry and filing of the verdict rather than the final judgment. In addition, the transcript of record did not include the judgments of conviction.
The case of Callendar v. State, supra, was cited by the District Court as authority for dismissing the appeal. In that case the State moved to dismiss appeals from convictions of unlawful assembly on the grounds of failure to comply with the appropriate Florida Appellate Rules. The Circuit Judge dismissed the appeal but not before he had examined the records and briefs and found them to be without merit. This Court stated:
“While it is not vital to our disposition of this cause we note that the notices of appeal before the circuit judge sought review of the verdict of the. jury, the order denying the defendants’ motion for new trial, and the sentence imposed on the defendants, but not of the judgment of guilt. Neither the verdict of the jury nor the order denying new trial are appealable orders. A sentence is ap-pealable by a defendant only on the grounds that it is excessive or illegal.”
The Callendar case does not support the dismissal of the appeals in the instant case. In Callendar, the defective notices of appeal did not prevent examination of the merits of the appeal. No one quarrels with the statement in Callendar that the verdict and order denying new trial are not appealable orders. The question to be resolved in this, a'nd every other case of a defective notice of appeal, is whether the defect or defects considering the entire context, are sufficiently serious to prevent the appellate court from acquiring jurisdiction. The answer to this question, in turn, depends on whether the notice sufficiently indicates an intent to appeal an appealable order so as not to mislead or prejudice the adverse party. In Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla.1966), this Court reaffirmed the test for .sufficiency of a notice of appeal laid down in earlier decisions, stating that: “The test of prejudice to the adversary is the essential test, the deciding test.”
In Seaboard Air Line Railroad Co. v. Holt, supra, the notice of appeal specifically stated that the appeal was taken from “the final judgment entered in this action in favor of Henry M. Holt * * *.” However, the notice failed to correctly state where the final, judgment was. recorded and did not state the correct date of the final judgment. This Court rejected the contention that the Supreme Court lacked jurisdiction over the subject matter because the notice of appeal was invalid.
More recently, in the decision of Eggers v. Narron, 238 So.2d 72 (Fla.1970), this Court was called on to consider the sufficiency of a notice of appeal directed to “[the] denial of the defendant’s motion for judgment in accordance with the motion for directed verdict or, in the alternative, motion for new trial, * * * ” Although neither of the orders mentioned were ap-pealable orders, this Court found that there was sufficient indication of an intent to appeal the final judgment and that the opposing party was not misled into believing something other than the final judgment was being appealed. In reaching this decision the Court noted Florida Appellate Rule 3.2(c), 32 F.S.A., which provides:
“Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.”
Respondent contends, however, that even should it be determined that the *164 notice of appeal adequately refers to the final judgment, that judgment is not included in petitioner’s directions to the clerk nor in the record on appeal and therefore the appeal should be dismissed. There is, however, a clear intent expressed to appeal the final judgment and, under these circumstances, Florida Appellate Rule 3.6 (l) operates to allow omissions in the record to be corrected. That Rule provides in pertinent part as follows:
“ * * * If anything is omitted from the record-on-appeal by error or accident, the parties by stipulation, or the lower court, either before or after the record is transmitted to the Court, or the Court on a proper suggestion or on its own initiative, may direct that the omission be corrected.”
Under Rule 3.6(i) the omitted judgment should have been placed in the record on motion of counsel or by the Court on its own initiative.
We hold, therefore, that where the intent to appeal an appealable order is clearly indicated and prejudice to the adversary not shown, errors in giving the date and minute book pages of the judgment and failure to include a copy of the judgment in the record sent up on appeal, are not necessarily fatal. Each case involving a defective notice of appeal must be decided on its own particular facts, however. Careless errors such as those evidenced here result in costly delay of the judicial process.
Accordingly, the decision of the District Court is quashed and the cause remanded with directions to reinstate the appeal for consideration on the merits.
It is so ordered.
ERVIN, C. J., and DREW, CARLTON and ADKINS, JJ., concur.
ROBERTS, J., and MOODY, Circuit Judge, dissent.