MANN, Judge.
Maxwell was convicted in Charlotte County of two offenses and on February 2, 1968 filed a petition naming the Director of the Division of Corrections, instead of the State of Florida, as the respondent, and styling the paper a “Motion to vacate, set aside judgment and sentence pursuant to Criminal Rule Number One” in “Case No. unkowns” (sic). He refers to a conviction for forgery on August 26, 1959. The record transmitted here shows that Maxwell was convicted of forgery of a public record on August 6, 1959 and of assault with intent to commit second degree murder on January 21, 1963. Both judgments were rendered prior to Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and the record in neither reflects appearance of counsel.
On March 5, 1970 the petition was denied without hearing. Maxwell filed a timely appeal, whereupon this court relinquished jurisdiction for appointment of counsel. The Public Defender for the Twentieth Circuit was promptly appointed, whereupon he moved jointly with the Public Defender for the Twelfth Circuit for substitution of counsel and extension of time for ninety days which they allege are “required to gather the necessary information to proceed with the appeal.” This petition, filed allegedly on the appellant’s behalf, was granted thirty days after the notice of appeal was filed. The Public Defender for the Twelfth Circuit is authorized by the Legislature for reasons it has never revealed to us to handle appeals in this district.
Mistakes in dates and descriptions which do not make the petition unintelligible are no reason for the denial of such a petition as Maxwell’s, which manifestly states a case under CrPR 1.850, 33 F.S.A., which is manifestly not contradicted by the record. An evidentiary hearing should have been held at the very least. It is more probable that Maxwell did not have counsel and that the hearing would have been unnecessary to establish this fact, in which case the petition should have been granted.
See Reynolds v. State, Fla.App.1969, 224 So.2d 769; Gissendanner v. State, Fla. 1970, 241 So.2d 162, opinion filed November 12, 1970.
*11 We see nothing in this case which could not have been handled by a simple reference to the record, consultation with the state attorney and public defender and prompt rendition of an order granting the relief sought unless there is something in the record which has not been transmitted. As it is, the taxpayers have been put to the expense of a long proceeding, involving unnecessarily the Attorney General and this court, requiring the writing of two briefs and one opinion and in general manufacturing a lot of needless paperwork out of a simple case. Substantive justice should not yield way to technicality.
Reversed and remanded.
LILES, Acting C. J., and McNULTY, J., concur.